(January 30, 1979)

■ RONALD GRANT, as Administrator of the Estate of PATRICIA GRANT, Deceased, et al., Respondents, v RICHARD GUIDOTTI et al., Defendants, and LONG ISLAND COLLEGE HOSPITAL, Appellant.—In a medical malpractice action, defendant hospital appeals from an order of the Supreme Court, Kings County, dated September 8, 1978, which ordered a jury trial on the issue of whether it should be estopped from asserting the defense of the Statute of Limitations. Order modified by deleting therefrom the provision providing for a jury trial and substituting therefor a provision providing for a trial and determination by the court of the issue of estoppel. As so modified, order affirmed, without costs or disbursements. In our view, the trial court erred in ordering a jury trial on the issue of whether the defendant hospital should be estopped from asserting the defense of the Statute of Limitations. In this medical malpractice action, the hospital asserted the Statute of Limitations in its answer and then moved pursuant to CPLR 3211 (subd [a], par 5) to dismiss plaintiffs' cause of action against it as time barred. In opposition to the motion, plaintiffs' attorney alleged that

he had initially sought an order in late 1976, before the expiration of the Statute of Limitations, to compel the hospital to submit to discovery. According to plaintiffs' attorney, the hospital's attorney requested that plaintiffs withdraw the motion. In return the hospital's attorney agreed that the hospital would make its employees available for precomplaint discovery and that plaintiffs would not be required to "commence the[ir] action" until that discovery was concluded. Instead, the hospital's attorney allegedly delayed the depositions until the Statute of Limitations had expired. Accordingly, plaintiffs' attorney argued that the hospital should be estopped from asserting the Statute of Limitations. In a reply affidavit, the attorney for the hospital categorically denied the allegations of plaintiffs' attorney regarding the estoppel issue. On the basis of these conflicting versions of what transpired between the opposing counsel, Special Term held that the issue of whether the hospital should be estopped from pleading the defense of the Statute of Limitations should be set down for resolution by a jury. We disagree. CPLR 4101 provides, in part: "In the following actions, the issues of fact shall be tried by a jury * * * except that equitable defenses and equitable counterclaims shall be tried by the court" (see, also, *Rill v Darling*, 44 Misc 2d 174). It is true that the issue of estoppel, in the posture raised in the case at bar, cannot be described as a defense or counterclaim to the main action. Nevertheless, it is a doctrine which is purely equitable in nature and it was raised by the plaintiffs as a counterdefense to the affirmative defense of the Statute of Limitations raised by the hospital. Under the circumstances, the issue of equitable estoppel, which was totally collateral to the main action brought by plaintiffs, should have been determined by the court. The fact that certain factual questions may have to be resolved in order to ultimately determine the issue of estoppel no more mandates a jury trial than does the existence of factual questions in any equitable action brought by a party. In both cases, the issue is to be resolved by the court alone, or with the guidance of an advisory jury if it be so advised (see CPLR 4212). Mollen, P. J., Suozzi, Rabin and Martuscello, JJ., concur.