OPINION OF THE COURT
Memorandum.
Judgment and orders affirmed, with $25 costs.
In this personal injury action the suit was commenced three and one-half years after the accident occurred. One of defendants’ affirmative defenses was that the action was barred by the Statute of Limitations. Plaintiff claimed that defendant Robinson was equitably estopped from asserting the Statute of Limitations since his conduct misled the plaintiff resulting in the Statute of Limitations running before the action was commenced. A hearing before a Judge was held on the issue. At the conclusion of the testimony, the court agreed to hold its decision in abeyance while plaintiff made another motion requesting a jury on the issue presented. The new motion was made and subsequently denied and the Judge held that the defendant Robinson did not mislead the plaintiff. It concluded that the defendant was not equitably estopped from utilizing the defense that the Statute of Limitations had run. The court then granted judgment in defendant’s favor dismissing the complaint.
We are in agreement with the conclusion of the court below that plaintiff was not entitled to a hearing before a jury on the issue raised either on the theory that plaintiff is attempting to assert an equitable remedy which is collateral to the main action (see CPLR 4101; Grant v Guidotti, 67 AD2d 736) or upon waiver.
Based upon the facts adduced at the hearing, the court properly concluded that the claim of equitable estoppel did not bar defendants from raising the defense of Statute of Limitations. Defendant Robinson did not deceive or mislead plaintiff. While Robinson did not consult with *439 plaintiff or inform him concerning the settlement he had made, plaintiff did little or nothing to ascertain what was happening in regard to his action. It is possible that the first attorney did not pursue plaintiff’s matter properly, but Robinson was not responsible for the conduct of the attorney and plaintiff’s failure to timely commence the action cannot be attributed to any wrongful conduct on the part of Robinson.
We note that Arbutina v Bahuleyan (75 AD2d 84) relied upon by plaintiff, is distinguishable on its facts.
Pino, P. J., Buschmann and Jones, JJ., concur.