■ MUTUAL BENEFIT LIFE INSURANCE COMPANY, Respondent, v DIANA K. SCHWARTZ et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County (Harold Tompkins, J.), entered February 8, 1990, which, *inter alia,* granted the plaintiff insurer's motion for summary judgment rescinding the policy, unanimously affirmed, without costs.

Plaintiff Mutual Benefit Life Insurance Company brought this action to rescind a $100,000 life insurance policy issued on the life of defendants' decedent, Paul Schwartz, in 1987. On May 11, 1988 Schwartz died of a massive myocardial infarction. A routine claim investigation in connection with his insurance application revealed that decedent denied he had ever been treated for "pain about the heart or chest" in November 1983. Decedent, however, was treated in 1983 for

chest pains and episodes of "chest tightness" by Dr. Grossman, who informed him that he might have *angina* and prescribed two heart medications, diltiazem and nitroglycerine. Both decedent and the physician failed to disclose this information in connection with the policy application.

Since the evidence concerning the materiality of misrepresentation in the insurance application is clear and substantially uncontradicted, the matter was one for the court to determine. *(Process Plants Corp. v Beneficial Natl. Life Ins. Co.,* 53 AD2d 214, 216, *affd* 42 NY2d 928.) The evidence demonstrates that decedent Schwartz's answers in the application were at variance with the facts. Moreover, the facts were patently material since, on the insurer's evidence, the policy would not have been issued had it known the truth due to decedent's disclosed history of diabetes. *(See, Barrett v State Mut. Life Assur. Co.,* 58 AD2d 320, 323, *affd* 44 NY2d 872, *cert denied* 440 US 912.)

We have reviewed appellants' remaining claims and find them to be without merit. Concur—Sullivan, J. P., Carro, Ellerin, Ross and Kassal, JJ.