MERCANTILE & GENERAL REINSURANCE CO., PLC, Respondent, v COLONIAL ASSURANCE COMPANY et al., Defendants, and SPANNO CORPORATION, Appellant.

First Department, December 29, 1992

## APPEARANCES OF COUNSEL

*Andrew C. Hall* of counsel, Miami, Florida *(Ira E. Garr* and *Marc Cooper* with him on the brief; *Stein & Garr, Hall, O'Brien & Sack, P. A.,* and *Cooper & Wolfe,* attorneys), for appellant.

*Stuart Cotton* of counsel, New York City *(Andrew Maneval, Marilu Cain* and *Guy P. Dauerty* with him on the brief; *Mound, Cotton & Wollan,* attorneys), for respondent.

## OPINION OF THE COURT

ROSENBERGER, J.

The defendant Spanno Corporation (Spanno) was engaged in the "residual guarantee" business. It guaranteed prospective purchasers of capital equipment that the equipment would have a stated value at a given future date. Since Spanno's business required insurance to assure its customers that it would be able to make good its guarantees, Spanno obtained

such insurance from the defendants Colonial Assurance Company (Colonial) and Union International Insurance Company (Union). Reinsurance was obtained from the plaintiff.

The plaintiff later refused to continue providing reinsurance coverage. It instituted this proceeding seeking a judgment declaring that all reinsurance provided by it with respect to coverage of Spanno was null and void *ab initio* and that the plaintiff had no liability under policies purporting to insure Spanno. It further sought judgment rescinding any purported agreements on its part to reinsure Union and Colonial with respect to policies issued to Spanno, and a judgment declaring that it had no liability to the defendants, or any other party, with respect to any claim based on any policy issued to Spanno. Spanno counterclaimed for damages suffered as a result of the plaintiff's refusal to provide coverage. Colonial and Union were liquidated and did not participate in the trial.

The jury found in favor of the defendant Spanno, concluding that Spanno was an intended third-party beneficiary of the reinsurance contracts between Colonial and Union and the plaintiff, and that the contracts had been breached. The jury further determined that John Dunn, the plaintiff's underwriter, had authority to bind the plaintiff to the contracts and that the plaintiff had authorized his actions. The jury also concluded that Spanno was not barred from recovery by material misrepresentations alleged to have been made by it to the plaintiff, and that the plaintiff intentionally interfered with Spanno's contracts. The jury awarded Spanno damages totalling $14,708,779, representing judgments held by seven creditors and the loss Spanno had incurred in establishing its business.

The Supreme Court, however, granted the plaintiff's motion to set aside the jury verdict and granted judgment notwithstanding the verdict to the plaintiff on the second and seventh causes of action in the complaint, rescinding *ab initio* the reinsurance agreements. The court concluded, as a matter of law, that Spanno was not a third-party beneficiary of the reinsurance contracts. It further determined that Spanno had made material misrepresentations justifying the plaintiff's rescission of the reinsurance policies and that the plaintiff had not intentionally interfered with Spanno's insurance contracts with Colonial and Union. The court dismissed Spanno's counterclaims.

We reverse. It is well settled that "[f]or a court to conclude

as a matter of law that a jury verdict is not supported by sufficient evidence * * * [i]t is necessary to first conclude that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational men *[sic]* to the conclusion reached by the jury on the basis of the evidence presented at trial" *(Cohen v Hallmark Cards,* 45 NY2d 493, 499; *Nicastro v Park,* 113 AD2d 129, 132).

▮ The Supreme Court erred in substituting its determination that the defendant was not an intended third-party beneficiary of the reinsurance contracts for that of the jury, which, based upon papers and documents executed by the plaintiff in connection with the contracts of reinsurance between the plaintiff and Colonial Union and the testimony introduced at trial, concluded that Spanno was a third-party beneficiary of those agreements. The language employed in these documents, to the effect that the plaintiff would handle claims directly with the original assured in the event the original reassureds failed, created an ambiguity as to the parties' intent which was for the jury, not the court to resolve *(State of New York v Home Indem. Co.,* 66 NY2d 669; *Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169; *O'Neil Supply Co. v Petroleum Heat & Power Co.,* 280 NY 50).

As the Supreme Court noted, in general, an insured is not considered a third-party beneficiary of reinsurance policies despite the insolvency of the insurers, since these are contracts of indemnity of the insurer and there is no privity between the original insured and the reinsurer *(see, Turner Constr. Co. v Seaboard Sur. Co.,* 85 AD2d 325; *China Union Lines v American Mar. Underwriters,* 755 F2d 26; *Skandia Am. Reins. Corp. v Schenck,* 441 F Supp 715). Nonetheless, parties may draft reinsurance contracts containing specific language so that they will operate in favor of the original insured *(Turner Constr. Co. v Seaboard Sur. Co., supra; Greenman v General Reins. Corp.,* 237 App Div 648, *affd* 262 NY 701; *China Union Lines v American Mar. Underwriters, supra; Bruckner-Mitchell, Inc. v Sun Indem. Co.,* 82 F2d 434, *cert denied* 298 US 677).

The jury concluded that Spanno was a third-party beneficiary of the insurance contracts. The evidence presented at trial was such that it was not "utterly irrational for the jury to reach the result it has determined upon, and thus a valid question of fact [did] exist" *(Cohen v Hallmark Cards, supra,* at 499). The Supreme Court erred when it concluded that the verdict was, as a matter of law, not supported by the evidence.

■ Similarly, it was error for the Supreme Court to substitute its judgment that Spanno had made material misrepresentations to the plaintiff, for that of the jury, which concluded that Spanno had made no such misrepresentations warranting the plaintiff's rescission of the reinsurance contracts. Whether or not there was fraud was a question to be resolved by the jury *(County of Westchester v Welton Becket Assocs.,* 102 AD2d 34, *appeals dismissed* 64 NY2d 734, *affd* 66 NY2d 642).

■ By granting the plaintiff's motion for judgment notwithstanding the verdict on Spanno's tortious interference with contract claim, the court again usurped the province of the jury. Based on the evidence presented, that the cancellation telex issued by the plaintiff caused Colonial and Union to breach their contracts with Spanno, the jury reasonably concluded that the plaintiff intentionally and improperly interfered with Spanno's contracts with Colonial and Union *(see, Hornstein v Podwitz,* 254 NY 443).

We have considered the parties' remaining contentions and find them to be without merit.

Accordingly, the judgment of the Supreme Court, New York County (Harold Baer, Jr., J.), entered May 20, 1991, which, after a jury verdict, *inter alia,* granted the plaintiff's motion to set aside the jury verdict in favor of the defendant Spanno Corporation in the amount of $14,708,779 dismissing the complaint, granted judgment notwithstanding the verdict in favor of the plaintiff on the second and seventh causes of action, rescinding certain reinsurance agreements, and dismissed the defendant Spanno Corporation's counterclaims, should be reversed, on the law, the jury's verdict in favor of the defendant Spanno Corporation should be reinstated, and judgment should be entered against the plaintiff in the amount of $14,708,779 plus interest from February 1, 1990, with costs. The Clerk is directed to enter judgment in favor of the defendant Spanno Corporation and against the plaintiff in the amount of $14,708,779 plus interest from February 1, 1990, with costs.

MILONAS, J. P., ROSS and ASCH, JJ., concur.

Judgment of the Supreme Court, New York County, entered May 20, 1991, which, after a jury verdict, *inter alia,* granted the plaintiff's motion to set aside the jury verdict in favor of the defendant Spanno Corporation in the amount of $14,708,779 dismissing the complaint, granted judgment notwithstanding

the verdict in favor of the plaintiff on the second and seventh causes of action, rescinding certain reinsurance agreements, and dismissed the defendant Spanno Corporation's counterclaims, is reversed, on the law, the jury's verdict in favor of the defendant Spanno Corporation is reinstated, and judgment directed to be entered against the plaintiff in the amount of $14,708,779 plus interest from February 1, 1990, with costs.