OPINION OF THE COURT
 

 Simons, J.
 

 This appeal presents a question on the role of the jury, and the conclusiveness of its findings, in actions in which both legal and equitable claims are advanced by the parties.
 

 The defendant Spanno Corporation was in the business of guaranteeing prospective purchasers of capital equipment that the equipment would have a stated residual value at a given future date. Since Spanno had to assure its customers that it would be able to make good on its guarantees, it obtained insurance for that purpose from the defendants Colonial Assurance Company and Union International Insurance Company. They, in turn, reinsured the risks with plaintiff.
 

 Plaintiff instituted this action seeking to rescind the contracts of reinsurance with the insurers, claiming that Spanno had made material misrepresentations which had induced it to enter into the contracts. Rescission claims, of course, are equitable in nature and, thus, are to be tried by the court
 
 (Motor Vehicle Mfrs. Assn. v State of New York,
 
 75 NY2d 175, 182-183). Spanno, named as a defendant, asserted a legal counterclaim alleging that it was a third-party beneficiary to the reinsurance contracts with Colonial and Union, which were then in liquidation. It claimed that it had been injured because of nonpayments to its customers and its inability to obtain new customers and demanded damages for plaintiff’s breach of the reinsurance contracts and its tortious interference with the insurance contracts with Colonial and Union.
 

 At trial Supreme Court treated plaintiff’s claim of material misrepresentation as an equitable defense and counterclaim to Spanno’s contract action and ruled that the jury’s verdict on equitable issues would be advisory
 
 (see,
 
 CPLR 4101, 4212;
 
 see also, Phoenix Mut. Life Ins. Co. v Conway,
 
 11 NY2d 367). It
 
 *252
 
 asked the jury to answer six interrogatories which addressed both the legal and equitable causes of action. In response, the jury concluded that Spanno was entitled to recover on the contract and that it made no material misrepresentations warranting rescission by plaintiff. It awarded damages of $14,708,779 on the breach of contract and tortious interference claims. Supreme Court set aside the verdict on Spanno’s legal counterclaims. It treated the verdict on rescission as advisory and, contrary to the jury’s determination, held that Spanno had made material misrepresentations entitling plaintiff to rescission of the reinsurance contract. On appeal, the Appellate Division reversed, holding that the Judge erred in setting aside the jury’s verdict because there was a reasonable view of the evidence that could support it
 
 (see, Cohen v Hallmark Cards,
 
 45 NY2d 493). It expressly held that the jury’s finding of misrepresentation should have been treated as dispositive, not advisory (184 AD2d 177, 181).
 

 The principal question presented is the legal effect of the jury’s misrepresentation finding on the trial court’s power to make a contrary factual finding. Defendant Spanno asserts that the jury’s determination that there had been no material misrepresentations was a necessary part of its determination on the breach of contract action and not merely an advisory verdict on plaintiff’s action for rescission. It concludes, therefore, that the jury’s misrepresentation finding operated as a "type of collateral estoppel” and precluded the Judge from adjudicating the issue anew as part of plaintiff’s action for rescission.
 

 Spanno’s argument fails because its original premise — that a determination on misrepresentation was necessary to resolve the breach of contract claim — is erroneous.
 

 As the case was presented, plaintiff’s action for rescission constituted an equitable defense and counterclaim to Spanno’s breach of contract claim
 
 (see, Tober v Schenectady Sav. Bank,
 
 54 AD2d 1049, 1050). Under the plain terms of CPLR 4101, when a legal claim is met with an equitable defense or counterclaim, "the issues of fact shall be tried by a jury * * * except that equitable defenses and equitable counterclaims shall be tried by the court”
 
 (see also,
 
 NY Const, art I, § 2). Following that direction, the jury could and did fully decide the disputed issues of fact necessary to the claim of contractual breach: the existence of a facially valid contract, breach and damages. At that point, the sole unresolved issue was
 
 *253
 
 whether the contract should be declared void from its inception because of material misrepresentation. All issues pertaining to that equitable defense and counterclaim, whether matters of fact or of law, were to be determined by the court under CPLR 4101
 
 (see, Grant v Guidotti,
 
 67 AD2d 736, 737). To find material misrepresentation, the court did not need to contradict any of the factual findings the jury made in deciding the factual issues pertinent to the legal claim for breach of contract because a finding of material misrepresentation is not inconsistent with a finding that the parties entered into a contract. To the contrary, the very essence of a rescission action is to set aside a contract that is otherwise valid and binding. The factual issues in the legal and equitable claims intersected only to the extent that the jury’s finding of a facially valid contract necessitated that the court proceed to the rescission issue. That, however, is not the same as having a factual issue in common and, under CPLR 4101, the trial court was free to decide the rescission claim de nova
 
 (cf., Skinner v Total Petroleum,
 
 859 F2d 1439, 1444;
 
 see also,
 
 4 Weinstein-Korn-Miller, NY Civ Prac j[ 4101.34, at 41-52; Siegel, NY Prac § 209, at 304 [2d ed];
 
 Beacon Theatres v Westover,
 
 359 US 500, 516 [Stewart, J., dissenting]).
 

 Because the jury verdict on misrepresentation was merely advisory, the trial court was not bound by it. It could disregard the advisory verdict, even if there was evidence to support it
 
 (see, McClave v Gibb,
 
 157 NY 413;
 
 Ruder v Lincoln Rochester Trust Co.,
 
 18 AD2d 763). The Judge’s finding was the dispositive determination on that issue and, absent a contrary factual finding by the Appellate Division, is binding on this Court if there is evidence in the record to support it. The evidence here satisfies that standard and therefore the trial court’s decision granting rescission of the contract should be sustained.
 

 In view of this conclusion, the remaining issues raised on appeal need not be addressed.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the judgment of Supreme Court reinstated.
 

 Chief Judge Kaye and Judges Titone, Hancock, Jr., Bellacosa, Smith and Levine concur.
 

 Order reversed, etc.