■ In the Matter of the Liquidation of Union Indemnity Insurance Company of New York. Michigan National Bank-Oakland, Respondent, v American Centennial Insurance Company et al., Respondents, et al., Defendants. Salvatore R. Curiale, Superintendent of Insurance of the State of New York, as Liquidator, Third-Party Plaintiff-Intervenor-Appellant, v American Centennial Insurance Company et al., Third-Party Defendants-Respondents, et al., Third-Party Defendants. [619 NYS2d 552] Order, Supreme Court, New York County (Ira Gammerman, J.), entered October 29, 1993, which denied the liquidator's motion for renewal of an order, same court and Justice, entered on November 16, 1992 and affirmed by this Court (200 AD2d 99), granting defendant reinsurers' motion for summary judgment, and denying defendant reinsurers' cross motion for sanctions, unanimously affirmed, without costs.

We agree with the IAS Court that the liquidator failed to set forth an acceptable excuse for not submitting the purportedly new evidence on either the original motion or the subsequent reargument that preceded the instant renewal motion. The argument that one of the affidavits could not be obtained because disclosure proceedings were stayed as a result of the summary judgment motion is unavailing, since the affidavit was ultimately obtained without benefit of any disclosure, and was not sought until after the adverse decision upon reargument; moreover, the liquidator never attempted to have the stay lifted. The other affidavit submitted on renewal consisted of expert opinion, rather than averments of fact relevant to this action, and there was therefore no reason why its equivalent could not have been submitted on the motion proper. In any event, even if considered, these affidavits would not change the result. The liquidator's argument with respect to his request for dismissal of the reinsurers' pleadings for failure to comply with Insurance Law § 1213 (c), raised for the first time in his reply on the renewal motion, was not an appropriate basis for relief (see, Azzopardi v American Blower Corp., 192 AD2d 453, 454).

Nor do we find the IAS Court's denial of sanctions to be an abuse of discretion. Concur—Ross, J. P., Asch, Rubin, Nardelli and Tom, JJ.