**REPUBLIC INSURANCE COMPANY,** Plaintiff–Appellee (94–7808 & 94–7824), Cross–Appellant (94–7842),

v.

**MASTERS, MATES & PILOTS PENSION PLAN; and Masters, Mates & Pilots Individual Retirement Account Plan,** Defendants–Appellees (94–7842),

**Robert J. Lowen, et al.,** Defendants,

**Aetna Casualty & Surety Company, and Federal Insurance Company,** Intervenors–Defendants–Appellants (94–7808 & 94–7824), Cross–Appellees (94–7842).

No. 1206, Dockets 94–7808, 94–7824 and 94–7842.

United States Court of Appeals, Second Circuit.

Argued March 22, 1995.

Decided Feb. 23, 1996.

Barry R. Ostrager, New York City (Simpson, Thacher & Bartlett, New York City), for Intervenor–Defendant–Appellant–Cross–Appellee Federal Insurance Company.

Glenn J. Fuerth, New York City (Wilson, Elser, Moskowitz, New York City), for Plaintiff–Appellee–Cross–Appellant Republic Insurance Company.

Paul J. Ondrasik, Jr., Washington, DC, (Steptoe & Johnson, Washington, DC), for Defendant–Appellee Masters, Mates & Pilots Pension Plan.

Before: OAKES, KEARSE, and LEVAL, Circuit Judges.

LEVAL, Circuit Judge:

This appeal involves a dispute between co-insurers Republic Insurance Company ("Republic") and Federal Insurance Company ("Federal") as to the allocation of costs incurred in defending their insureds, coupled with a claim by Republic to void its policies by reason of the fraud of the insureds in procuring coverage. We hold that Republic is entitled to rescind its policies and that it is therefore not required to contribute to the costs of the insureds' defense.

*Background*

The insureds are Masters, Mates & Pilots Pension Plan and Individual Retirement Account Plan, and their trustees. The Plans and/or their trustees were insured under separate policies issued by Republic, Federal, and Aetna Casualty & Surety Company.[1]

In 1986 and 1987, the Secretary of Labor, along with Plan participants and beneficiaries, commenced two lawsuits against the trustees of the Plans and others, under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"), charging that the trustees had mismanaged the Plans' funds by investing in risky ventures, and seeking to recover losses sustained (hereinafter, "the Underlying Actions"). *See In re Masters Mates & Pilots Pension Plan & IRAP Litig.*, 957 F.2d 1020, 1023 (2d Cir.1992).

Republic refused to contribute to the defense of the Plans in the Underlying Actions. In 1988, Republic commenced this declaratory action against the Plans seeking exoneration from any duty to defend or indemnify. Aetna and Federal intervened. Initially, Republic relied on an exclusion in its policies for retroactive and intentional acts. In May of 1989, after reviewing deposition testimony taken in the Underlying Actions and deposing counsel for the pension plans, Republic concluded that the Plans had provided false or misleading information to induce Republic to provide coverage. Accordingly, on May 24, 1989, Republic amended its complaint to add a claim for rescission due to fraud in the inducement.

In April of 1989, Aetna and the Plans moved for partial summary judgment seeking to establish Republic's duty to defend and indemnify in the Underlying Actions. Republic cross-moved for summary judgment on the basis of the retroactive and intentional acts exclusions. Republic argued as well that factual issues regarding its allegations of fraud precluded summary judgment on its claim of rescission. In an order dated September 14, 1990, the district court directed Republic to contribute to the Plans' defense, but reserved judgment on Republic's rescission claim.

Eventually, the parties in the Underlying Actions reached a settlement agreement towards which Federal contributed $2 million, Republic $5.25 million, and Aetna $7.5 million. Under the terms of the settlement, the insurers were prohibited from seeking to recover any costs or expenditures from the Plans, but were allowed to seek redistribution of costs and expenditures among the co-insurers.

Republic then renewed its motion for summary judgment arguing that its policies should be rescinded *ab initio* on the ground that the Plans fraudulently induced Republic to issue the policies. Republic claimed that in responding to Republic's questionnaire in its application form, the Plans falsely denied awareness of potential claims by failing to disclose, among other things, that the Plans had made investments which violated investment guidelines, that counsel for the Plans had begun an investigation to determine whether certain investments violated ERISA, and that the Plans were under investigation by the Department of Labor. The Plans opposed the motion in part by alleging that Republic's rescission claim was moot. They argued that the settlement of the Underlying Actions eliminated any robust dispute between the Plans and Republic so that the remaining dispute failed to satisfy the constitutional requirement that there be a live case or controversy as a prerequisite for federal

---

1. The policies of Republic and Aetna insured both pension plans and all their trustees. Federal insured one of the Plans' trustees, Franklin Riley, pursuant to a policy issued to Riley's employer.

jurisdiction. Federal and Aetna argued, among other things, that Republic had waived any right to rescind its policies on grounds of fraud. Neither the Plans nor the co-insurers substantially rebutted Republic's allegations of fraud.

By order dated February 24, 1994, the district court declined to rule on Republic's claim to rescind its policies. The court ruled that there was no active case or controversy between the Plans and Republic following the settlement of the Underlying Actions. *See Republic Ins. Co. v. Masters, Mates & Pilots Pension Plan,* 843 F.Supp. 914, 918–19 (S.D.N.Y.1994). Nevertheless, finding that Republic's allegations of fraud by the Plans were essentially unrebutted, the court treated them as proven for purposes of the inter-insurer dispute. *Id.* at 918. The court held that Republic's showing of fraud entitled Republic to rescind its policies as against Federal and Aetna. Accordingly, the court granted Republic's motion for summary judgment dismissing the claims of Federal and Aetna seeking Republic's contribution to the defense costs they had incurred. *Id.* at 920.[2]

On April 12, 1994, upon motion for reconsideration, the district court issued another opinion which addressed Federal's claim, made in a prior motion, that its coverage was excess over Republic's and that Federal was therefore entitled to reimbursement by Republic for defense costs expended. *See Republic Ins. Co. v. Masters, Mates & Pilots Pension Plan,* 859 F.Supp. 682 (S.D.N.Y. 1994). The district court rejected this argument, finding that the policies of each co-insurer contained similar excess insurer provisions, with the result that they had equal status as primary insurers. *Id.* at 685. The opinion reaffirmed the prior opinion in all other respects.

2. The district court also ordered Aetna to reimburse Republic for defense costs initially borne by Republic.

3. Aetna did not pursue an appeal.

4. The assertion was made at oral argument that because Republic's policies were limited to claims made within a specified period, no further claims could be asserted. This contention, how-

*Discussion*

On appeal, Federal[3] contends the district court erred in finding that it was not an excess insurer and in granting rescission of Republic's policies as against Federal and Aetna. Republic cross-appeals, contending that (1) the district court erred in concluding that its rescission claim against the Plans was not justiciable, and (2) it is entitled to summary judgment on that claim. We agree with Republic.

The mootness doctrine ensures that courts will not decide issues in which the litigants have ceased to have an interest. *Cook v. Colgate Univ.,* 992 F.2d 17, 19 (2d Cir.1993). A justiciable claim becomes moot, and thus beyond the jurisdiction of a federal court, when subsequent events deprive the parties of any practical interest in the outcome of the litigation. *See Fox v. Board of Trustees of State Univ.,* 42 F.3d 135, 140 (2d Cir.1994), *cert. denied,* — U.S. —, 115 S.Ct. 2634, 132 L.Ed.2d 873 (1995); *Bragger v. Trinity Capital Enter. Corp.,* 30 F.3d 14, 16 (2d Cir.1994) ("federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them") (quotation omitted).

The Plans have failed to demonstrate that, by reason of the settlement of the Underlying Actions, Republic's suit to void its policies has no practical consequence. The existence of a justiciable controversy does not depend on the pendency of a live claim against the insured. Republic's claim to rescind its policies is by itself a justiciable controversy. Republic could have brought the suit for rescission prior to the assertion of the claims advanced against the insureds in the Underlying Action, notwithstanding that there were no active claims pending at the time. Similarly, it is entitled to seek rescission after their settlement.[4]

ever, was not briefed or documented in this court or the district court. To the contrary, the Plans argue in their brief that *"currently* there are no such other actions or claims in dispute between Republic and the Plans, *now or at the time of the district court's ruling."* Defendants–Appellees' Br. at 19 (emphasis added). This is tantamount to an acknowledgement that such a claim could yet be asserted.

That Republic has a practical interest in such rescission is beyond dispute. Republic was involved in this litigation with Federal and Aetna over defense costs, which turned on the validity of Republic's policies. If Republic could prevail on its claim that the Plans induced coverage by means of material misrepresentations, its policies were void from the start. *See, e.g., Mutual Benefit Life Ins. Co. v. JMR Elecs. Corp.*, 848 F.2d 30, 32 (2d Cir.1988).

In addition, since the time of the district court's refusal to adjudicate the issue, one of the insured trustees, Franklin Riley, has sued Republic for breach of contract in California state court. Riley's complaint alleges that Republic breached its duties under its policies by failing to pay Riley's defense costs in the Underlying Actions. Riley seeks compensatory damages in excess of $500,000, as well as punitive damages. That action has been stayed pending the outcome of this litigation. If Republic's policies are void due to fraud in the inducement, it may be that Riley's suit against Republic cannot prevail.

Under these circumstances, the Plans have failed to demonstrate that there is no live controversy over the validity of Republic's policies, sufficient to sustain federal jurisdiction.

The district court expressed concern over the impact of rescission on innocent insureds who might have no involvement in the litigation and would be left without insurance if Republic's claim were granted. *Republic,* 843 F.Supp. at 918. There are two answers: First, there is no allegation that any insured was not served with Republic's suit seeking rescission. Thus, all insureds were alerted to protect their interests.

Second, the concern over the interests of innocent insureds militates in favor of resolving the rescission claim, rather than avoiding it. If a defrauded insurer were required to wait until the insured is sued by a claimant before asserting its claim to rescind the policy, then innocent insureds would be truly disadvantaged. They would lose the protection of the policy they relied on when a potential liability was asserted, without having a prior opportunity to purchase substitute coverage. On the other hand, if a question of rescission is resolved as soon as it is raised, the innocent insureds can proceed knowing whether their insurance is valid. Thus, as a general matter, the law requires that the right to rescind be promptly exercised. *See, e.g., New York Tel. Co. v. Jamestown Tel. Corp.*, 282 N.Y. 365, 372, 26 N.E.2d 295, 297 (1940) ("as a matter of law, right to rescind [a contract] must be exercised promptly after the injured party learns of the wrong"); *Whitney v. Continental Ins. Co.*, 595 F.Supp. 939, 944 (D.Mass.1984) (failure to disclaim insurance coverage within a reasonable time after discovering information necessary to rescind waives the right to do so). *See generally* Barry R. Ostrager & Thomas R. Newman, *Handbook on Insurance Coverage Disputes* § 2.05(b)(1) (8th ed. 1995). We hold that the district court erred in finding that Republic's rescission claim against the Plans was not justiciable.

■ Turning to the merits of Republic's motion for summary judgment, we conclude that Republic is entitled to judgment as a matter of law. Under New York law, binding in this diversity action, an insurance policy issued in reliance on material misrepresentations is void from its inception. *See* N.Y.Ins.Law § 3105; *Mutual Benefit Life,* 848 F.2d at 32; *In re Liquidation of Union Indem. Ins. Co.*, 200 A.D.2d 99, 611 N.Y.S.2d 506, 511 (1994); *Mutual Benefit Life Ins. Co. v. Schwartz*, 170 A.D.2d 359, 566 N.Y.S.2d 62 (1991). Republic submitted evidence that, in their policy applications, the Plans falsely stated that Plan investments were under the control of an independent investment manager, when in fact certain Plan trustees were participating in investment decisions. In response to a question inquiring whether any Plan trustees were aware of potential claims, the Plans failed to disclose that they had made investments prohibited by Plan guidelines, and that they were under investigation by the Department of Labor. Republic also showed that the Plans failed to disclose an internal investigation to determine whether any investments violated ERISA. Republic contends that had the true information been disclosed, it would not have provided insurance.

■ In the court below, none of the defendants offered any substantial rebuttal to Republic's showing of fraud.[5] They relied solely on a variety of procedural and equitable defenses, none of which have merit. First, they claimed that the district court's interim order of September 14, 1990, which required Republic to furnish defense costs, was law of the case and precluded rescission. But that order did not resolve Republic's rescission claim. It reserved judgment on that issue. We agree with the district court that the September 14 order was preliminary in nature, allowing the litigation to proceed pending resolution of the rescission claim. *See Republic*, 843 F.Supp. at 918; *cf. National Union Fire Ins. Co. v. Sahlen*, 999 F.2d 1532, 1535 (11th Cir.1993) (characterizing an order compelling defendant to provide defense costs pending resolution of rescission claim as an injunction for purposes of 28 U.S.C. § 1292(a)(1)).

The defendants also proffered a variety of waiver defenses. They argued that Republic waived its rescission claim by agreeing to a provision in the final settlement of the Underlying Actions that prohibited it from seeking reimbursement from the Plans for money expended in defending those actions. This argument is inapposite. Republic's summary judgment motion did not seek reimbursement from the Plans. It sought (and obtained) reimbursement of defense costs from Aetna, as well as exemption from contribution to costs expended by Federal. Moreover, the final settlement expressly provides that it "shall in no way be construed as a waiver ... or constitute an estoppel or impairment of any of the claims, counterclaims, or defenses asserted or which may be asserted" by any of the parties in *this* action.

■ Additionally, the defendants contend that Republic waived its rescission claim, or is estopped from asserting it now, by reason of its failure to assert fraud in a timely manner, *see, e.g., New York Tel. Co.*, 282 N.Y. at 372, 26 N.E.2d at 297; *Whitney*, 595 F.Supp. at 944, and its disclaimer of coverage

on other grounds. These contentions depend on whether Republic unreasonably delayed asserting fraud prior to amending its complaint in May of 1989. Republic asserts that it did not become aware of the facts underlying its claim of fraud until early in 1989, when it deposed counsel for the Plans and reviewed over 46,000 pages of deposition testimony generated in the Underlying Actions. The defendants failed to proffer sufficient evidence to show a genuine factual dispute on this issue. They argue that Republic can be charged with constructive and actual knowledge of the complaints in the Underlying Actions, filed in 1987, alleging that certain Plan trustees had participated in improper investments. They also point to a letter sent by Republic in 1986, in which Republic stated that "the possibility exists that one or more insureds participated or acquiesced in the allegedly wrongful acts of [the investment manager]."

Even considering these allegations in the light most favorable to the Plans, they are insufficient to preclude summary judgment. At most, they show only that the allegations of a third party may have given Republic reason to suspect misconduct by Plan trustees, which they failed to reveal to Republic. Republic asserts that it did not have substantial information regarding the Plans' misrepresentations until it conducted its own discovery in late 1988 and early 1989, and that it required a reasonable time to investigate. Defendants have failed to show a material issue of fact that would preclude Republic from asserting its claim of fraud. *See Gallo v. Prudential Residential Servs., Ltd.*, 22 F.3d 1219, 1223–24 (2d Cir.1994) (moving party entitled to summary judgment where nonmoving party presents insufficient evidence).

Accordingly, we affirm the district court's ruling that Federal is not entitled to recover contribution for defense costs from Republic. We rule furthermore that Republic is entitled to the rescission of its policies insuring the

---

**5.** It is true that on a motion for reconsideration Aetna disputed one of the factual bases on which

Republic claimed to have been defrauded. This,

Plans.[6]

*Conclusion*

The district court's judgment denying Republic's claim for rescission of its policies is reversed. The court is directed to grant summary judgment to Republic rescinding its policies with the Plans. The judgment in favor of Republic dismissing Federal's claim for contribution or indemnity for defense costs is affirmed.

however, leaves the other bases of Republic's claim completely unrebutted.

6. These rulings make it unnecessary to address Federal's contention that its coverage is excess over Republic's. As Republic is entitled to rescission of its policy, it has no coverage obligation. The defendants' other contentions are without merit.