Wells Fargo Bank, N.A. v Lloyd's Syndicate AGM 2488 (2021 NY Slip Op 03431)





Wells Fargo Bank, N.A. v Lloyd's Syndicate AGM 2488


2021 NY Slip Op 03431


Decided on June 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 01, 2021

Before: Gische, J.P., Webber, Singh, Kennedy, JJ. 


Index No. 651039/19 Appeal No. 13956 Case No. 2020-01991 2020-01984 

[*1]Wells Fargo Bank, N.A., et al., Plaintiffs-Appellants,
v
Lloyd's Syndicate AGM 2488, et al., Defendants-Respondents.


Reed Smith LLP, New York (John N. Ellison of counsel), for appellants.
Kennedys CMK LLP, New York (William J. Brennan of counsel), for Lloyd's Syndicate AGM 2488, Lloyd's Syndicate BRT 2987, Lloyd's Syndicate NVA 2007, Lloyd's Syndicate PEM 4000 and Aspen Insurance UK Ltd., respondents.
Skarzynski Marick & Black LLP, New York (Michael B. Chester of counsel), for XL Specialty Insurance Co., respondent.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about January 14, 2020, which granted defendants' motions pursuant to CPLR 3211 to the extent of dismissing all claims asserted by plaintiff Wells Fargo Bank, N.A., unanimously affirmed, with costs.
None of the reinsurance contracts at issue, including the January 4, 2010 Underwriters Reinsurance Policy (URP), issued by Lloyds contain a "cut through" provision allowing the original insured, plaintiff Wells Fargo's predecessor in interest, Wachovia Corporation, to bring suit directly against the reinsurers (see OneBeacon Am. Ins. Co. v Colgate-Palmolive Co., 123 AD3d 222, 227-28 [1st Dept 2014]; Matter of Union Indem. Ins. Co. of N.Y., 200 AD2d 99, 107 [1st Dept 1994], affd 89 NY2d 94 [1996]). Accepting plaintiff's allegation, that the operative reinsurance contract is the URP, the language of the policy simply identifies Wachovia as the original insured and Beaumont Insurance Co., now known as (plaintiff) Superior Guaranty Insurance Co., as the reinsured party. In any event, the motion court correctly decided that plaintiff did not have standing because its interpretation of the contract would lead to an absurd result and is contrary to the parties' reasonable expectations (see generally Peter Lampack Agency, Inc. v Grimes, 93 AD3d 430, 430-431 [1st Dept 2012]).
Defendants having failed to file a notice of appeal, their argument that the motion court should also have dismissed Superior Guaranty Insurance Co.'s claims against defendant Aspen Insurance UK Ltd. is not properly before this Court.
We have considered plaintiffs' remaining arguments, including that the motion court applied the incorrect standard of review and should have granted plaintiffs leave to amend, and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 1, 2021