Penske v National Holding Corp. (2026 NY Slip Op 00978)

Penske v National Holding Corp.

2026 NY Slip Op 00978

Decided on February 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 19, 2026

Before: Manzanet-Daniels, J.P., Scarpulla, Friedman, Chan, Hagler, JJ. 

Index No. 655002/22|Appeal No. 5903|Case No. 2025-02077|

[*1]Mark Penske et al., Plaintiffs-Appellants,
vNational Holding Corp. et al., Defendants-Respondents.

Howell Shuster & Goldberg LLP, New York (Dorit Ungar Black of counsel), for appellants.
D'Avanzo LLP, White Plains (Joseph A. D'Avanzo of counsel), for respondents.

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about March 6, 2025, which denied plaintiffs' motion to strike defendants' jury demand, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiffs commenced this action against defendants in connection with an alleged failure to pay money owed under a Stock Purchase Agreement (SPA). As relevant here, the SPA contained the following jury waiver provision:
EACH SUCH PARTY IRREVOCABLY AND UNCONDITIONALLY WAIVES ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LEGAL ACTION ARISING OUT OF OR RELATING TO THIS AGREEMENT, THE OTHER TRANSACTION DOCUMENTS OR THE TRANSACTIONS CONTEMPLATED HEREBY OR THEREBY.
In answering the complaint, defendants asserted a counterclaim for costs and reasonable attorneys' fees under the SPA, should they prevail. However, following discovery, defendants moved for leave to amend their answer to add counterclaims for fraudulent inducement to enter the SPA, fraud in connection with a separate side letter agreement between the parties, non-occurrence of a condition precedent in the SPA and side letter, and breach of the SPA/breach of the covenant of good faith and fair dealing. In connection with their claims for fraudulent inducement and fraud, defendants sought rescission of the SPA and side letter, respectively, or "[i]n the alternative," compensatory and punitive damages. Supreme Court ultimately granted the motion to amend.
While defendants' motion for leave to amend was pending, plaintiffs filed a note of issue, and defendants subsequently filed a demand for jury trial. Plaintiffs then moved to strike defendants' jury demand, arguing that defendants expressly waived a jury trial as part of the SPA. Supreme Court denied plaintiffs' motion to strike. Supreme Court explained that the SPA's waiver provision did not apply because defendants' counterclaim challenged the very existence of the contract, and "they seek recission, not contractual damages, for their fraudulent inducement."
Initially, based on the allegations supporting defendants' counterclaims, the SPA's waiver of the right to a jury trial is not applicable to defendants' fraud-based counterclaims. "[I]n cases where [] fraudulent inducement allegations, if proved, would void the agreement, including the jury waiver clause, the party is entitled to a jury trial on the claim" (J.P. Morgan Sec. Inc. v Ader, 127 AD3d 506, 507 [1st Dept 2015]). Here, a close review of the counterclaims establishes that "the primary claim is fraudulent inducement and the validity of the contract is clearly being challenged" (International Bus. Machs. Corp. v GlobalFoundries U.S. Inc., 235 AD3d 22, 26 [1st Dept 2024]; see also Ader, 127 AD3d at 507; MBIA Ins. Corp. v Credit Suisse Sec. [USA], LLC, 102 AD3d 488, 488 [1st Dept 2013]; Ambac Assur. Corp. v DLJ Mtge. Capital, Inc., 102 AD3d 487, 487-488 [1st Dept 2013]).
Nevertheless,defendants are not entitled to a jury trial on their counterclaims. Generally, a party asserting a fraudulent inducement claim may pursue a jury trial, notwithstanding the existence of a jury waiver clause, when that party primarily seeks money damages (see Ader, 127 AD3d at 508; Credit Suisse, 102 AD3d at 488; DLJ Mtge., 102 AD3d at 487-488). Here, by contrast, defendants' counterclaims seek rescission of the contract and side letter agreement, with damages only sought in the alternative. As the Court of Appeals has held, "[a]ll issues pertaining to [an] equitable defense and counterclaim, whether matters of fact or law, [are] to be determined by the court under CPLR 4101" (Mercantile & Gen. Reins. Co. v Colonial Assur. Co., 82 NY2d 248, 253 [1993]; see also CPLR 4101) and "[r]escission claims, of course, are equitable in nature" (Mercantile & Gen. Reins. Co., 82 NY2d at 251; see also Board of Mgrs. of the Sounding Condominium v Foerster, 138 AD3d 160, 164 [1st Dept 2016]). Accordingly, defendants' counterclaims must be tried by the court, not a jury, by virtue of the equitable relief they seek. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 19, 2026