■ In the Matter of HERBERT POMERANTZ, Petitioner, v BOARD OF

Regents of the University of the State of New York, Respondent.— Proceeding initiated in this court, pursuant to subdivision 4 of section 6510 of the Education Law, to annul a determination of the Board of Regents suspending petitioner's license to practice engineering. Petitioner, a licensed engineer, attempted to obtain public contracts by placing two individuals associated with the Nassau County Democratic Committee on his payroll in "no-show" jobs and improperly deducted those wage payments as a business expense on his Federal income tax return. Found guilty of two charges of unprofessional conduct (Education Law, § 6509, subd [9]; 8 NYCRR 68.1 [b]), petitioner had his license suspended for one year and was placed on probation for one year for each violation, said punishments to run concurrently. Petitioner argues that his conviction was illegal since the rule he was charged with violating (8 NYCRR 68.1 [b]) was repealed after he was served with notice of the charges but prior to his hearing. He contends that the general savings statutes (General Construction Law, §§ 93, 94) which preserve existing rights and liabilities upon the repeal of a statute do not apply to administrative rules and regulations. We cannot agree. While there is no authority on this point, logic compels us to hold that section 94 of the General Construction Law, which permits the continuation of all proceedings commenced under a statute which is repealed and pending at the time the repeal takes effect, applies to administrative rules and regulations promulgated pursuant to statutory authority. In any event, petitioner's conduct of paying certain individuals for "no-show" jobs would still constitute unprofessional conduct even after the repeal of the rule he was found to have violated. On October 1, 1977, the same day on which the repeal of subdivision (b) of section 68.1 of respondent's rules became effective, a new rule took effect which retained the substance of the repeated rule (see 8 NYCRR 29.1 [b] [3]). Respondent's determination that petitioner was guilty of unprofessional conduct for improperly deducting wage payments as a business expense on his Federal income tax return must be annulled. Such conduct was not defined to be unprofessional conduct by the respondent's rules. We have examined petitioner's other arguments and find them to be without merit. Determination modified by annulling so much thereof as found the petitioner guilty of unprofessional conduct for filing a false and fraudulent Federal income tax return and disciplining him therefor, and, as so modified, confirmed, without costs. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.