■ Aziz Moezinia, Appellant-Respondent, v Nasser Damaghi, Respondent-Appellant.—Appeal from order, Supreme Court, New York County (Ethel Danzig, J.), entered on May 3,

1988, dismissed as academic, without costs. Order, Supreme Court, New York County (Ethel Danzig, J.), entered on or about November 23, 1988, which dismissed the oral contract allegations of the third cause of action, unanimously modified, on the law and the facts, to the extent of denying the defendant's motion to dismiss said allegations and otherwise affirmed, without costs.

The primary question raised by these cross appeals is whether there are triable issues of fact as to whether Damaghi orally promised to invest more than $110,000 of plaintiff's money in a New York corporate entity purchasing certain Manhattan real property.

In May of 1985 a check in the amount of $260,000 was delivered by plaintiff Moezinia to defendant Damaghi. Both parties are non-English-speaking Iranian refugees. A document written in Farsi, signed by Damaghi and simultaneously delivered by him to Moezinia, as translated, merely states that Damaghi has received Moezinia's money on a "loan basis * * * to return to him again." Moezinia alleges that pursuant to an oral agreement with Damaghi the entire $260,000 was to be invested in certain New York City real property. Damaghi on the other hand claims that Moezinia directed that only $110,000 be invested in the New York property and that the other $150,000 be invested in a limited partnership which purchased property located in Texas. It is undisputed that $110,000 was, in fact, profitably invested in the New York property in September 1985 and that $150,000 was unsuccessfully invested in the Texas venture in July 1985.

In May of 1987 Moezinia, by motion for summary judgment in lieu of complaint (CPLR 3213), commenced an action to recover his $260,000 based upon the aforementioned writing, which he alleged was a negotiated instrument, and his check. Damaghi cross-moved for summary judgment claiming that the writing was merely a receipt and that the money had been invested pursuant to Moezinia's instructions.

By order entered December 29, 1987 the court granted partial summary judgment for Damaghi to the extent of reducing Moezinia's claim by $110,000, Moezinia having agreed that this amount had indeed been invested in the Manhattan real property. The court further granted plaintiff leave to file a complaint.

A formal complaint (referred to as the "amended complaint"), thereafter, was served by plaintiff. It asserted four causes of action: (1) for $150,000 on a loan theory; (2) for

$150,000 on a promissory note theory; (3) for $1,000,000 in damages on an oral contract in that defendant had invested $150,000 of plaintiff's funds without plaintiff's authorization and in breach of the agreement to invest all of the money in the New York property, thereby causing plaintiff a loss of profits as to the New York investment; and (4) for $1,000,000 in damages for fraud and conversion in connection with Moezinia's August 29, 1985 execution of a limited partnership agreement related to the Texas investment. In this regard plaintiff alleged that Damaghi already had invested $150,000 of his funds in the Texas venture on July 2, 1985 and that Damaghi obtained his signature by misrepresenting the nature and purpose of the partnership agreement which was written entirely in English and incomprehensible to plaintiff. The Texas property was subsequently foreclosed upon.

The defendant, prior to submitting an answer, moved for summary judgment dismissal of the third cause of action. In support of the motion, Damaghi submitted the affidavit of Nader Hakakian, the president of the corporation which purchased the New York property, to the effect that in September of 1985 plaintiff requested an opportunity to invest $110,000 in the New York property. In opposition, plaintiff pointed out that these assertions did not address his claim that in July 1985 the defendant had used $150,000 of the $260,000 he had given the defendant in May 1985 to invest in the Texas property without authorization, leaving only the $110,000 balance to invest in the New York property in September 1985. Only in reply did the defendant expressly state that in July plaintiff had urged and authorized the investment of $150,000 in the Texas venture.

By decision and order entered May 3, 1988 the court below granted summary judgment dismissal of the third cause of action based upon an oral contract and gave plaintiff leave to replead the fourth cause of action in fraud. This is the first order from which the plaintiff appeals.

Thereafter, plaintiff served an amended complaint (referred to as the "second amended complaint"). It asserted the same first two causes of action and a third cause of action seeking damages of $1,000,000, including lost profits, and mixing both oral contract and fraud allegations and theories.

Again, prior to answering, the defendant moved for dismissal of the third cause of action pursuant to CPLR 3211 (a) (5) on the grounds that the oral contract theory was barred by principles of res judicata and moved to limit plaintiff's ad damnum clause on the fraud theory to $150,000 on the ground

that plaintiff could recover only out-of-pocket losses, not lost profits. Plaintiff opposed the motion and cross-moved to reargue the court's May 3 order.

By order entered November 23, 1988, the second order appealed from, the court dismissed the third cause of action to the extent that it rests on an oral contract and damages flowing therefrom. The court found that its May 3 order was the law of the case and that its dismissal therein of the oral contract cause of action should be given res judicata effect. That portion of the third cause of action in the second amended complaint based upon fraud, misrepresentation and conversion, as they related to the partnership agreement, survived. Further, the court denied the part of the defendant's motion which sought a limitation on damages and denied plaintiff's motion to reargue.

Plaintiff's appeal from the May 3, 1988 order should be dismissed and the November 23, 1988 order modified for the following reasons.

CPLR 3212 (a) requires that a motion for summary judgment be made "after issue has been joined." Thus, once plaintiff served his first formal complaint (the "amended complaint"), the defendant was required to serve an answer before moving for summary judgment. Thus, the motion court lacked jurisdiction to grant summary judgment dismissal on the amended complaint. *(City of Rochester v Chiarella,* 65 NY2d 92 [1985].) Nevertheless, by virtue of plaintiff having reasserted the oral contract allegations in his second amended complaint, the same issues are raised by plaintiff's appeal from the motion court's November order as from its May order. The appeal from the former order is, therefore, dismissed.

We turn now to the merits of the defendant's motion to dismiss the oral contract allegations of the third cause of action of the second amended complaint. The record reveals a clear dispute between the parties as to whether plaintiff authorized the defendant to invest $150,000 in the Texas investment vehicle. Plaintiff, by affidavit, denied that such authorization was given. Such denial is supported by the defendant's apparent admission in an affidavit, submitted on the first motion for summary judgment, that in May of 1985 he met with plaintiff, that he described the contemplated purchase of the New York property, that plaintiff expressed an interest in investing in the entity which would purchase the New York property, and that accordingly, plaintiff deliv-

ered to him $260,000 by check. Plaintiff's contention was further supported by the undisputed fact that plaintiff's moneys were immediately invested in the Texas project and that the Texas property was purchased on July 2, 1985, almost two months before plaintiff's signature was procured on the partnership agreement authorizing same, and prior to the purchase of the New York property in September 1985.

To the extent that the defendant may have attempted to prove waiver of any claims against him or ratification of his actions, as a result of plaintiff's August 1985 execution of the limited partnership agreement and September 1985 request to Hakakian to invest $110,000 in the New York real estate venture, he fails. Such attempt is sufficiently rebutted by plaintiff's assertions that his signature was fraudulently procured and the fact that as of September 1985, plaintiff had only $110,000 left to invest. Thus, plaintiff's oral contract assertions on the third cause of action of the second amended complaint should be reinstated.

It is noted that the "law of the case" doctrine, relied upon by the IAS court, is not binding on this court on appeal. *(Martin v City of Cohoes,* 37 NY2d 162, 165 [1975].) Moreover, principles of res judicata are inapplicable when, as in this case, the two determinations arise in the same action. (Siegel, NY Prac § 442 *et seq.* [1978].) Thus, even if we were not to dismiss the first appeal, the sufficiency of the allegations supporting the second amended complaint could be considered de novo by this court.

With respect to the defendant's cross appeal, the IAS court erred in finding that plaintiff's cause of action in fraud and conversion would permit a recovery of profits which might have been made had the defendant invested the other $150,000 in the New York real estate. *(Reno v Bull,* 226 NY 546, 553 [1919]; *Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc.,* 88 AD2d 461, 468 [2d Dept 1982].) However, as the oral contract allegations in the third cause of action of the second amended complaint are to be reinstated, there is no basis to limit to $150,000 plaintiff's ad damnum clause on the third cause of action. It is under the oral contract theory that plaintiff might be able to recover such lost profit damages. *(Sager v Friedman,* 270 NY 472, 481 [1936], *reh denied* 271 NY 617 [1936]; *Cayuga Harvester v Allis-Chalmers Corp.,* 95 AD2d 5, 22 [4th Dept 1983].) Concur—Murphy, P. J., Milonas, Kassal, Rosenberger and Smith, JJ.