[606 NYS2d 843]

In the Matter of BLANCHE A. IRELAND et al., Appellants, v ZONING BOARD OF APPEALS OF THE TOWN OF QUEENSBURY et al., Respondents.

Third Department, January 20, 1994

**APPEARANCES OF COUNSEL**

*John W. Caffry,* Glens Falls, for appellants.

*Paul B. Dusek, Town Attorney* of Queensbury, for Zoning Board of Appeals of the Town of Queensbury and another, respondents.

*John H. Richards,* Glens Falls, for Frank J. Parillo, respondent.

**OPINION OF THE COURT**

CASEY, J.

The controversy underlying this appeal arises out of respondent Frank J. Parillo's attempt to reopen a public boat launch at a marina he acquired in 1989 on Lake George in the Town of Queensbury, Warren County. In June 1989 Parillo was informed by respondent Town Director of Building and Code Enforcement that although the marina constituted a preexisting nonconforming use, a variance was required for the public boat launch because boat-launching activities by the public had ceased more than 18 months before Parillo acquired the

property. Respondent Town Zoning Board of Appeals initially denied Parillo's appeal in July 1989, but subsequently voted 5 to 1 to rehear the appeal and by a vote of 5 to 2 determined in December 1989 that no variance was required. Petitioners commenced a combined CPLR article 78 proceeding/declaratory judgment action to challenge the Zoning Board's determination and this Court ultimately held that the determination was fatally flawed because Town Law former § 267 (6) (repealed by L 1991, ch 692, § 1, reenacted as Town Law § 267-a [12] by L 1993, ch 208, § 8) required that the Zoning Board's votes both to rehear and to reverse a prior decision be unanimous *(Matter of Ireland v Town of Queensbury Zoning Bd. of Appeals,* 169 AD2d 73, 77, *lv dismissed* 79 NY2d 822).\*

The Zoning Board thereafter voted unanimously to rehear Parillo's appeal, but before the hearing was held the Director of Building and Code Enforcement declared that Parillo did not need a variance. Petitioner Lake George Association, Inc. filed an administrative appeal and the Zoning Board unanimously voted to consider the appeal together with the rehearing of Parillo's appeal. A public hearing was held in December 1992 and the Zoning Board concluded that, "[a]fter rehearing the entire matter, it is our determination that Mr. Parillo not be required to obtain a variance and that there has been a continuous use of the facility". Petitioners timely commenced this CPLR article 78 proceeding and respondents moved to dismiss the petition pursuant to CPLR 7804 (f). Supreme Court granted the motion, resulting in this appeal by petitioners.

Although respondents' motion to dismiss was an inappropriate method for determination of the merits of this CPLR article 78 proceeding, the record is complete and we see no prejudice to any party in treating respondents' motion as the functional equivalent of an answer. Petitioners contend that the Zoning Board's July 1989 determination to deny Parillo's appeal is entitled to res judicata effect, which precluded the Zoning Board from rendering a different determination in December 1992. This Court recently applied the doctrine of

---

\* The issue was presented to us on an appeal from a judgment of Supreme Court which had granted respondents' motions to dismiss the petition/complaint on several procedural grounds and on the merits. We reversed the judgment and denied the motions. It appears that no further action was taken by the parties in the prior proceeding. Instead, the parties treated our holding as effectively nullifying the Zoning Board's December 1989 determination.

res judicata to bar a property owner from relitigating claims that were or could have been litigated in a prior determination of a zoning board of appeals and the property owner's CPLR article 78 proceeding to review that determination *(Matter of Freddolino v Village of Warwick Zoning Bd. of Appeals,* 192 AD2d 839). The property owner in *Matter of Freddolino v Village of Warwick Zoning Bd. of Appeals (supra)* had requested a variance in 1989, which was denied by the local zoning board of appeals, and the property owner's CPLR article 78 proceeding to challenge that determination was dismissed on the merits. The property owner thereafter reapplied for the same variance and submitted evidence to cure defects in the proof submitted on the 1989 application. This Court held that res judicata was applicable to determinations of a zoning board of appeals and that the commencement of a subsequent proceeding simply to cure defects in the proof is not a distinction that precludes application of res judicata *(supra,* at 840).

■ The principles of res judicata are not, however, applicable when the two determinations arise in the same proceeding *(Moezinia v Damaghi,* 152 AD2d 453, 457). In contrast to the *Freddolino* case, the determination at issue here was not the result of Parillo's reapplication for the same relief that had been denied by the prior determination. Rather, Parillo applied to the Zoning Board to rehear the appeal that had resulted in the prior determination. In these circumstances, it is clear that the original determination and the determination upon rehearing were made within the context of the same proceeding and that Parillo did not commence a second proceeding which would be subject to the doctrine of res judicata.

When Parillo first applied for a rehearing in 1989, a zoning board of appeals had express statutory authority to rehear any order, decision or determination not previously reviewed, and upon such rehearing to reverse, modify or annul its original order, decision or determination by unanimous vote (Town Law former § 267 [6], repealed by L 1991, ch 692, § 1, reenacted as Town Law § 267-a [12] by L 1993, ch 208, § 8). Pursuant to General Construction Law § 94, which is applicable to administrative proceedings *(see, Matter of Pomerantz v Board of Regents,* 65 AD2d 900, 901), the statutory authority of the Zoning Board to again rehear Parillo's appeal (following this Court's decision concerning the validity of the Zoning Board's first determination of Parillo's application to rehear his appeal) was not affected by the repeal of Town Law former § 267 (6). Based upon the express statutory authority of the

Zoning Board to reverse, modify or annul its original determination, it is our view that the principles of res judicata, as well as the related doctrines of collateral estoppel and law of the case, are inapplicable to this case.

■ The appropriate scope of judicial review of the Zoning Board's unanimous determination to reverse its original determination is the illegality, arbitrariness or abuse of discretion standard *(see, Matter of Pettit v Board of Appeals,* 160 AD2d 1006, 1007-1008). Although the absence of new facts or circumstances would certainly provide the necessary rational basis for a zoning board of appeals' decision to deny an application for rehearing *(see, supra),* we disagree with petitioners' contention that the Zoning Board cannot exercise its statutory authority to rehear and reverse its original determination in the absence of new facts or circumstances. The Legislature imposed no such requirement in the statute, prompting a leading commentator to conclude that a zoning board of appeals can exercise its statutory rehearing authority "without any showing that circumstances have changed or that new facts have been discovered" (2 Anderson, New York Zoning Law and Practice § 25.35, at 360 [3d ed]). Reading the requirement of new facts or circumstances into the statute would effectively deprive the rehearing provision of its vitality, for the existence of changed facts or circumstances would justify a new application, rather than an application for rehearing, and a zoning board of appeals would not be bound by its prior determination *(see, Matter of Freeman v Town of Ithaca Zoning Bd. of Appeals,* 61 AD2d 1070; *see also, Reed v Planning Bd.,* 120 AD2d 510). Pursuant to its plain and unambiguous wording, Town Law former § 267 (6) provided an applicant with the opportunity to convince a zoning board of appeals that its original determination was erroneous without regard to changed circumstances or new facts.

A review of the record establishes the necessary rational basis for the Zoning Board's unanimous decision to reverse its original determination. Parillo presented evidence that the use of the boat launch by the public had not been abandoned by the prior owner. Petitioners challenge the quality and quantity of the evidence, but we are of the view that it is sufficient to provide a rational basis for the Zoning Board's determination.

CARDONA, P. J., WHITE and WEISS, JJ., concur.

Ordered that the judgment is affirmed, without costs.