■ JOHN T. WISELL, SR., Appellant, v INDO-MED COMMODITIES, INC., et al., Respondents, and SCALA WISELL CO., INC., et al., Appellants. [757 NYS2d 460] —In an action, inter alia, to recover damages for breach of contract and unjust enrichment, in which the defendants Indo-Med Commodities, Inc., Philmanex, Inc., and Shabbir Abidail, individually and in his capacity as sole director of Indo-Med Commodities, Inc., counterclaimed, inter alia, to recover damages for breach of fiduciary duty, tortious interference with contract, conversion, and breach of contract, and for an accounting and injunctive relief, the

plaintiff and the counterclaim defendants appeal from so much of an order of the Supreme Court, Nassau County (Mahon, J.), entered May 2, 2002, as granted the motion of the defendants Indo-Med Commodities, Inc., Philmanex, Inc., and Shabbir Abidail, individually and in his capacity as sole director of Indo-Med Commodities, Inc., to strike the plaintiff's demand for a jury trial to the extent of directing that the counterclaims be tried by the court pursuant to 22 NYCRR 202.40.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, the motion is denied in its entirety, and the matter is remitted to the Supreme Court, Nassau County, for a joint trial before a jury of the legal and equitable issues, with the jury determining the legal issues and the court determining the equitable issues.

22 NYCRR 202.40, cited by the trial court, is applicable "whenever a trial by jury is demanded on less than all issues of fact in an action." In the instant case, the plaintiff demanded a jury trial of all issues. Accordingly, 22 NYCRR 202.40 is inapplicable.

Where, as here, the legal and equitable counterclaims are intertwined one trial is appropriate (*see Hudson View II Assoc. v Gooden,* 222 AD2d 163, 169 [1996]; *Cowper Co. v Buffalo Hotel Dev. Venture,* 99 AD2d 19, 23 [1984]). The trial court may ask the jury to reach an advisory verdict with respect to equitable issues (*see Mercantile & Gen. Reins. Co. v Colonial Assur. Co.,* 82 NY2d 248, 251 [1993]; *Hudson View II Assoc. v Gooden, supra* at 169) to "minimize the danger of conflicting verdicts" (*Cowper Co. v Buffalo Hotel Dev. Venture, supra* at 23; *see Chenango Mut. Ins. Co. v Charles,* 235 AD2d 667, 670 [1997]). However, such advisory verdicts are not binding on the court (*see Mercantile & Gen. Reins. Co. v Colonial Assur. Co., supra* at 253). Altman, J.P., Smith, McGinity and Crane, JJ., concur.