In the Matter of MICHAEL TERSIGNI, Appellant, v VILLAGE OF LYNBROOK BOARD OF ZONING APPEALS, Respondent. [821 NYS2d 919]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Village of Lynbrook Board of Zoning Appeals dated January 29, 2004, which, after a hearing, denied the petitioner's application for certain area variances, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Peck, J.), entered October 26, 2004, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Local zoning boards have broad discretion in considering applications for area variances and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]). Therefore, the determination of a zoning board should be sustained if it has a rational basis and is not illegal or an abuse of discretion (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead, supra; Matter of Sasso v Osgood*, 86 NY2d 374, 385 [1995]; *Matter of Zupa v Zoning Board of Appeals of Town of Southold*, 31 AD3d 570 [2006]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 770 [2005]).

Contrary to the petitioner's contention, the Village of Lynbrook Board of Zoning Appeals (hereinafter the Board) engaged in the required balancing test and considered the rele-

vant statutory factors (*see Matter of Sasso v Osgood, supra* at 384; Village Law § 7-712-b [3] [b]). The record indicates that the Board's determination had a rational basis and was not illegal, arbitrary, or an abuse of discretion (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead, supra* at 614-615; *Matter of Sasso v Osgood, supra; Matter of Martino v Board of Zoning Appeals of Inc. Vil. of Great Neck Plaza,* 26 AD3d 382, 383 [2006]; *Matter of Halperin v City of New Rochelle, supra* at 770-773).

Accordingly, the Supreme Court properly denied the petition. Florio, J.P., Krausman, Luciano and Skelos, JJ., concur.