In the Matter of STEVEN J. WILLARD et al., Respondents, v ROBERT MEEHAN et al., Respondents, and ANTONIO CAROZZA et al., Appellants. [828 NYS2d 89]—

In a proceeding, inter alia, pursuant to CPLR article 78, in the nature of mandamus to compel the Building Inspector of the Town of Mount Pleasant to annul and vacate a cease and desist order on a project to perform certain "fill work" on Elliot Street in the Town of Mount Pleasant, in which the petition was denied and the counterclaim of Antonio Carozza and Giovanna Carozza was converted into an action, inter alia, to enjoin the petitioners from maintaining a certain retaining wall, Antonio Carozza and Giovanna Carozza appeal from (1) an order of the Supreme Court, Westchester County (Barone, J.), entered April 1, 2005, which, inter alia, denied their application to hold Robert Meehan, John Ciulla, and the Town of Mount Pleasant in civil contempt and (2) an order of the same court (Barone, J.), entered September 6, 2005, which, among other things, granted the motion of Steven J. Willard and Joanne E. Willard to strike the note of issue and certificate of readiness and for summary judgment dismissing the counterclaim of Antonio Carozza and Giovanna Carozza insofar as asserted against them.

Ordered that the order entered April 1, 2005, is affirmed, without costs or disbursements; and it is further,

Ordered that the order entered September 6, 2005, is reversed, on the law, without costs or disbursements, the motion of Steven J. Willard and Joanne E. Willard to strike the note of issue and certificate of readiness, and for summary judgment dismissing the counterclaim of Antonio Carozza and Giovanna Carozza insofar as asserted against them is denied.

The Supreme Court properly denied the application of the appellants Antonio Carozza and Giovanna Carozza (hereinafter the Carozzas) to hold Robert Meehan, John Ciulla, and the Town of Mount Pleasant (hereinafter collectively the Town) in civil contempt. The Carozzas failed to demonstrate by clear and convincing evidence that the Town violated a clear and unequivocal court mandate (see Raphael v Raphael, 20 AD3d 463 [2005]; Riverside Capital Advisors, Inc. v First Secured Capital Corp., 28 AD3d 457 [2006]).

However, the Supreme Court improperly granted the motion of Steven J. Willard and Joanne E. Willard (hereinafter the Willards) to strike the note of issue and certificate of readiness and for summary judgment dismissing the Carozzas's counterclaim insofar as asserted against them. In support of their motion for summary judgment, the Willards submitted an affirmation of their counsel who argued that the order entered April 1, 2005, resolved the issues raised by the Carozzas in their counterclaims and thus, the Carozzas were precluded from pursuing their counterclaim under the doctrine of res judicata. We disagree.

"Under the doctrine of res judicata, a party may not litigate a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter. The rule applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation. The rationale underlying this principle is that a party who has been given a full and fair opportunity to litigate a claim should not be allowed to do so again" (*Matter of Hunter*, 4 NY3d 260, 269 [2005]; *see Gramatan Home Invs. Corp. v Lopez*, 46 NY2d 481, 485 [1979]).

During the hearing on the civil contempt application made in this action, the Supreme Court made findings of fact that the Willards had removed the retaining wall constructed in the right-of-way on Elliot Street in the Town of Mount Pleasant and that the roadway was usable by vehicular traffic. Relying on these findings, the court granted the Willards' motion, inter alia, for summary judgment dismissing the counterclaim on the ground that it was barred by res judicata. This was error. Here, neither party moved for summary judgment during the pendency of the contempt application. Rather, the Willards' motion was made after the issuance of the order entered April 1, 2005, which determined the contempt application, and after the Carozzas filed a note of issue and certificate of readiness for trial on June 23, 2005. Since the order entered April 1, 2005, was not a final adjudication on the merits (*see Matter of Reilly v Reid*, 45 NY2d 24, 27 [1978]; *Sclafani v Story Book Homes*, 294 AD2d 559 [2002]; *McNaughton v Hudson*, 50 AD2d 863, 864 [1975]), and since the two determinations arose in the same action (*see Moezinia v Damaghi*, 152 AD2d 453, 457 [1989]; *Matter of Ireland v Zoning Bd. of Appeals of Town of Queensbury*, 195 AD2d 155, 158 [1994]), the doctrine of res judicata does not apply. In addition, to the extent that the Willards alleged that the court's April 1, 2005, determination constituted the "law of the case," that doctrine does not bind this Court on appeal (*see Martin v City of Cohoes*, 37 NY2d 162, 165 [1975]; *Long Is.*

*Sound, LLC v O'Brien & Gere Engrs., Inc.*, 25 AD3d 668, 669 [2006]).

At this juncture, we find that there exist triable issues of fact as to whether the Willards were in violation of the Town of Mount Pleasant Zoning Code § 218-12 (F) (1) when they erected the retaining wall allegedly in the right-of-way of Elliot Street and whether the erection of the wall and the subsequent "fill work" performed by the Willards on Elliot Street were in violation of the Carozzas' right "to use the entire area of the street for highway purposes" pursuant to a judgment of the Supreme Court, Westchester County (DiBlasi, J.), dated February 10, 1999, entered in a prior action between the Carozzas and the Willards' predecessor-in-interest. Thus, the Supreme Court should not have granted the Willards' motion, inter alia, for summary judgment dismissing the counterclaim. Miller, J.P., Adams, Skelos and Covello, JJ., concur.