■ JOHN T. WISELL, SR., Respondent, v INDO-MED COMMODITIES, INC., et al., Appellants. SCALA WISELL CO., INC., et al., Counterclaim-Defendants. [903 NYS2d 116]—

In an action to recover damages for breach of contract and unjust enrichment, in which the defendants counterclaimed, inter alia, to recover damages for breach of fiduciary duty and tortious interference with contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Driscoll, J.), entered September 16, 2009, as denied their motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint based upon the doctrines of res judicata and collateral estoppel.

Ordered that the order is affirmed insofar as appealed from, with costs.

In this case, the plaintiff's demand for a jury trial on all issues was, in part, improperly stricken, and, on a prior appeal, this Court reversed and directed a joint trial of legal and equitable claims, with a jury to determine the legal claims and the court to determine the equitable claims (*see Wisell v Indo-Med Commodities*, 303 AD2d 749, 750 [2003]). However, at the time of this Court's decision and order in March 2003, the parties

were in the midst of a nonjury trial. The parties, in a so-ordered stipulation, agreed to allow the nonjury trial to proceed, with "the jury trial with respect to the plaintiff's claims and the legal counterclaims" commencing after the completion of the nonjury trial. Although the stipulation provided that "the commencement of the jury trial need not await the [trial] Court's decision" with respect to the defendants' equitable counterclaims, unless a directed verdict was awarded to "any party," or there was a "further Decision or finding of [the trial] Court," the parties did, in fact, wait until after a decision of the trial court was rendered, and judgment was entered on that decision.

Before the jury trial could commence, the defendants moved to dismiss the complaint based upon the doctrines of res judicata and collateral estoppel, claiming that all factual issues were resolved in their favor with entry of judgment on their counterclaims. The order appealed from denied the motion on the ground that the stipulation preserved the plaintiff's right to a jury trial on his complaint, and the possibility of inconsistent verdicts was contemplated when the Appellate Division issued its initial decision (*see Wisell v Indo-Med Commodities*, 303 AD2d 749, 750 [2003], citing *Mercantile & Gen. Reins. Co. v Colonial Assur. Co.*, 82 NY2d 248 [1993]), and the parties entered into their stipulation. We affirm.

The doctrine of collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (*Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]; *Chiara v Town of New Castle*, 61 AD3d 915, 916 [2009]). Pursuant to the doctrine of res judicata, a final judgment precludes reconsideration of all claims which could have or should have been litigated in the prior action or proceeding against the same party (*see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347 [1999]). However, in the instant case, we are not dealing with findings in a prior action; we are dealing with the same action. Accordingly, the affirmative defenses of collateral estoppel and res judicata are inapplicable to the instant dispute, and the Supreme Court properly denied the defendants' motion to dismiss the complaint as barred by the doctrines of collateral estoppel and res judicata.

The defendants' remaining contentions are without merit or need not be addressed in light of our determination. Prudenti, P.J., Skelos, Florio and Sgroi, JJ., concur.