In the Matter of ROBERT G. FRIEDMAN et al., Appellants, v BOARD OF APPEALS OF THE VILLAGE OF QUOGUE et al., Respondents. [923 NYS2d 651]—

In a proceeding pursuant to CPLR article 78 to review so much of a determination of the Board of Appeals of the Village of Quogue dated January 24, 2009, as granted the application of the owners of the subject property for a setback variance for a swimming pool and for an area variance for a deck to the extent of authorizing construction of a 300-square-foot deck, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Gazzillo, J.), dated January 28, 2010, which, in effect, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The subject oceanfront property is located on the south shore of Long Island. The petitioners are owners of adjacent property. At issue is a proposal by the owners of the subject property to demolish a nonconforming house and an 885-square-foot nonconforming deck located on the sand dunes adjoining the ocean, and to construct a conforming one-story frame house which required no variances, a pool which required a setback variance of 15.7 feet from the requirement that the swimming pool be constructed at least 25 feet from the toe of the sand dunes, and a new deck 385 square feet in size which required a variance from the requirement that decks constructed on the sand dunes be less than 200 square feet in size.

The variance requested for the swimming pool was granted on the ground that it "will not have a detrimental impact on the dunes." The variance requested for the deck was granted only to the extent of allowing construction of a deck 300 square feet in size based upon "a reasonable balancing of all relevant factors."

The petitioners commenced the instant proceeding, claiming that the determination of the Board of Appeals of the Village of Quogue (hereinafter the Board) granting the variances was arbitrary and capricious and contrary to law, on the grounds that the project could be designed to fully comply with land-use regulations, and that the Board failed to consider the factors set forth in Village Law § 7-712-b (3) for granting area variances. The Supreme Court, in effect, denied the petition and dismissed the proceeding, concluding that the Board's determination was not arbitrary and capricious or an abuse of discretion. We agree.

As correctly noted by the Supreme Court, in applying the

statutory balancing test for granting area variances (*see* Village Law § 7-712-b [3]), the Board was "not required to justify its determination with supporting evidence with respect to each of the five factors, so long as its ultimate determination balancing the relevant considerations was rational" (*Matter of Merlotto v Town of Patterson Zoning Bd. of Appeals*, 43 AD3d 926, 929 [2007]; *see Matter of Genser v Board of Zoning & Appeals of Town of N. Hempstead*, 65 AD3d 1144, 1147 [2009]). In making that determination, the personal observations of members of the Board may be considered (*see Matter of Genser v Board of Zoning & Appeals of Town of N. Hempstead*, 65 AD3d at 1147; *Matter of Rosewood Home Bldrs., Inc. v Zoning Bd. of Appeals of Town of Waterford*, 17 AD3d 962, 964 [2005]). The petitioners contend that the "benefit sought" by the owners of the subject property may be achieved by developing the property in accordance with the plan of the petitioners' engineer by building the house and adjacent amenities further landward on the property and away from the ocean. However, at the hearing, a Board member observed that this alternative would have a detrimental effect on the ocean views of neighboring property owners. It cannot be said that the benefits sought by the owners of the subject property could be achieved without variances (*see* Village Law § 7-712-b [3] [c]). Further, in this case, the Board was also seeking a benefit—demolition of nonconforming structures built on the dunes.

Contrary to the petitioners' contention, the Board did make a finding of fact that the swimming pool "will not have a detrimental effect on the dunes," and the swimming pool satisfied the factors set forth in Village Law § 7-712-b (3) (b) (1) and (4) in that it would not be detrimental to the neighborhood or the environment.

The Board found that the variance sought for the deck was substantial, and did not grant all of the relief requested. However, the Board allowed a deck of 300 square feet in size, based upon its finding that "removal of the existing house and existing deck" provided justification for some relief. The Board also noted that the new deck would be constructed "within the footprint of the existing house and deck to be removed."

Even if the variances were deemed substantial, there "was little, if any, evidence presented to demonstrate that granting the variance[s] would have an undesirable effect on the character of the neighborhood, adversely impact on physical and environmental conditions, or otherwise result in a detriment to the health, safety, and welfare of the neighborhood or community" (*Matter of Filipowski v Zoning Bd. of Appeals of Vil. of Greenwood Lake*, 38 AD3d 545, 547 [2007]).

The petitioners' remaining contentions are without merit.

Since the determination of the Board was not illegal, arbitrary and capricious, or an abuse of discretion, there is no basis in the record to overturn it (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]). Rivera, J.P., Skelos, Florio and Austin, JJ., concur.