■ In the Matter of ELIEZER GOTTLIEB et al., Appellants, v BOARD OF APPEALS OF INCORPORATED VILLAGE OF LAWRENCE et al., Respondents. [13 NYS3d 913]—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Appeals of the Incorporated Village of Lawrence dated March 20, 2012, which, after a rehearing, reversed its prior determination dated November 29, 2011, and granted, with stated conditions, an application by the respondent 284-285 Central Owners Corp. for certain area variances, the petitioners appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Brown, J.), dated January 30, 2013, as denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

Contrary to the petitioners' contention, the determination of the respondent Board of Appeals of the Incorporated Village of Lawrence (hereinafter the Board) to reverse its first determination denying the subject application for certain area variances and thereupon grant that application, with stated conditions, was rational and not arbitrary and capricious (see Matter of Tersigni v Village of Lynbrook Bd. of Zoning Appeals, 33 AD3d 713, 713 [2006]; Matter of Madonia v Board of Zoning Appeals of Inc. Vil. of Lindenhurst, 300 AD2d 588, 589 [2002]; Matter of Quatraro v Village of Kenmore Zoning Bd. of Appeals, 277 AD2d 1001, 1002 [2000]; Matter of Ireland v Zoning Bd. of Appeals of Town of Queensbury, 195 AD2d 155, 159 [1994]; see also Matter of Friedman v Board of Appeals of the Vil. of Quogue, 84 AD3d 1083, 1084-1085 [2011]). The Board properly engaged in the required balancing test and considered the relevant statutory factors (see Village Law § 7-712-b [3] [b]; Matter of Khan v Zoning Bd. of Appeals of Vil. of Irvington, 87 NY2d 344, 351-352 [1996]). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding (see Matter of Levine v Village of Is. Park Bd. of Zoning Appeals, 95 AD3d 1125, 1128 [2012]; see also Matter of Beyond Bldrs. Inc. v Pigott, 20 AD3d 474, 475 [2005]). Chambers, J.P., Hall, Cohen and Maltese, JJ., concur.