■ In the Matter of LILIETH N. ALLEN, Respondent, v SYLVESTER McLEAN, Appellant. (Proceeding No. 1.) In the Matter of SYLVESTER McLEAN, Appellant, v LILIETH N. ALLEN, Respondent. (Proceeding No. 2.) [27 NYS3d 877]—

Appeals from (1) an order of the Family Court, Queens County (Jane A. McGrady, Ct. Atty. Ref.), dated February 13, 2015, (2) an order of that court dated February 17, 2015, and (3) an amended order of that court dated March 25, 2015. The order dated February 13, 2015, insofar as appealed from, denied, after a hearing, the father's petition to modify his visitation schedule with the subject child, granted that branch of the mother's motion which was, in effect, for a money judgment in her favor and against the father in the amount of $7,675 based on the father's failure to comply with a prior order awarding the mother counsel fees in that amount, and denied the father's cross motion, inter alia, to dismiss the mother's motion. The order dated February 17, 2015, directed the entry of a money judgment in favor of the mother and against the father in the amount of $7,675. The amended order dated March 25, 2015, directed the entry of a money judgment in favor of the mother and against the father in the amount of $7,675.

Ordered that on the Court's own motion, the notice of appeal from an order dated March 13, 2015, is deemed to be a premature notice of appeal from the amended order dated March 25, 2015 (see CPLR 5520 [c]); and it is further,

Ordered that the order dated February 13, 2015, is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from the order dated February 17, 2015, is dismissed, as that order was superseded by the amended order dated March 25, 2015; and it is further,

Ordered that amended order dated March 25, 2015, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the mother.

The parties have one child together. The father filed a petition to modify his visitation schedule with the child, and the mother moved, among other things, in effect, for a money judgment in her favor and against the father based on the father's failure to comply with a prior order awarding the mother counsel fees. The father cross-moved, inter alia, to dismiss the

mother's motion. In an order dated February 13, 2015, the Family Court denied the father's petition to modify his visitation schedule, granted the aforementioned branch of the mother's motion, and denied the father's cross motion. In an order dated February 17, 2015, and an amended order dated March 25, 2015, the court directed the entry of a money judgment in favor of the mother and against the father in the amount of $7,675. The father appeals.

The Family Court properly denied the father's petition to modify his visitation schedule with the child, since the father failed to demonstrate a sufficient change in circumstances to warrant modification (*see Vollkommer v Vollkommer*, 101 AD3d 1108 [2012]; *Gallagher v Dalton*, 46 AD3d 746, 746-747 [2007]; *Messinger v Messinger*, 16 AD3d 562, 563 [2005]).

The question of the propriety of the amount of the fees is not properly before this Court because that amount was determined in a prior order which is not the subject of these appeals (*see Matter of Regan v Zalucky*, 56 AD3d 825 [2008]). The Family Court properly directed the entry of a money judgment for that amount (*see* Family Ct Act § 460 [1]). Since no adjudication of contempt was made, issues relating to that branch of the mother's motion which was to hold the father in contempt are not before us on these appeals. Balkin, J.P., Roman, Cohen and Hinds-Radix, JJ., concur.