Wells Fargo Bank, N.A., Appellant, v Diala Morgan, Respondent, et al., Defendants. [32 NYS3d 595]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Grays, J.), entered April 30, 2014, which denied that branch of its motion which was for summary judgment on the complaint and granted the cross motion of the defendant Diala Morgan for leave to amend her answer pursuant to CPLR 3025 (b), inter alia, to add the proposed affirmative defense of lack of standing, and to deem the proposed amended answer served and filed nunc pro tunc, and to dismiss the complaint insofar as as-

serted against her pursuant to CPLR 3211 (a) on the ground that the plaintiff lacked standing to commence the action.

Ordered that order is reversed, on the law, on the facts, and in the exercise of discretion, with costs, that branch of the plaintiff's motion which was for summary judgment on the complaint is granted, and the cross motion of the defendant Diala Morgan is denied.

On January 23, 2007, the defendant Diala Morgan (hereinafter the defendant) executed a note in the principal sum of $417,000 in connection with her purchase of certain real property in Far Rockaway. She also executed a mortgage on the property to secure the debt. The defendant thereafter defaulted in July 2007. The plaintiff accelerated the debt and, alleging that it was authorized to do so, commenced this foreclosure action on December 18, 2007. The defendant timely served a pro se answer in which she admitted the material allegations of the complaint and set forth a loss of employment as her only defense. The case was then litigated over the course of several years, during which the parties engaged in motion practice and various conferences. At no time during this period did the defendant ever contest the legitimacy of the debt, her nonpayment of same, or the plaintiff's authority to seek foreclosure in connection therewith.

Thereafter, on August 19, 2013, the plaintiff moved, inter alia, for summary judgment on the complaint. The defendant, now represented by counsel, cross-moved in response, seeking for the first time in the action, inter alia, leave to amend her answer to deny the allegations of the complaint, to assert 29 new arguments, including lack of standing, as affirmative defenses or counterclaims in the action, to deem the amended answer served and filed nunc pro tunc, and to dismiss the complaint insofar as asserted against her based on the newly asserted defense of lack of standing. The plaintiff opposed the cross motion, noting that it would be substantially prejudiced if the amendment were to be granted after such an inordinately long and unexplained period of delay. The Supreme Court denied that branch of the plaintiff's motion which was for summary judgment on the complaint, and granted those branches of the defendant's cross motion which were for leave to amend the answer and to dismiss the complaint insofar as asserted against her based on the newly raised defense of lack of standing. We reverse.

"Leave to amend the pleadings 'shall be freely given' absent prejudice or surprise resulting directly from the delay" (*McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.*,

59 NY2d 755, 757 [1983], quoting CPLR 3025 [b]; *see Kimso Apts., LLC v Gandhi*, 24 NY3d 403 [2014]). Here, the plaintiff established that it would suffer undue prejudice as the result of the defendant's unexplained delay of almost six years in seeking leave to amend her answer to contest the allegations of the complaint and to insert a multitude of new issues into the case (*see Rose v Velletri*, 202 AD2d 566 [1994]). Moreover, the defendant's delay deprived the plaintiff of an opportunity to promptly investigate the defense of lack of standing and the numerous other boilerplate defenses sought to be asserted in the amended answer and to address any alleged defects in its case at a point when they might have been timely cured (*see HSBC Bank USA v Philistin*, 99 AD3d 667 [2012]). Accordingly, under these circumstances, the Supreme Court improvidently exercised its discretion in granting the defendant's cross motion, inter alia, for leave to amend the answer and to dismiss the complaint for lack of standing.

The Supreme Court further erred in denying that branch of the plaintiff's motion which was for summary judgment on the complaint. The plaintiff established its prima facie entitlement to judgment as a matter of law in this foreclosure action by submitting the mortgage, the unpaid note, and evidence of the defendant's default (*see Aurora Loan Servs., LLC v Enaw*, 126 AD3d 830 [2015]; *Plaza Equities, LLC v Lamberti*, 118 AD3d 688 [2014]; *U.S. Bank N.A. v Denaro*, 98 AD3d 964 [2012]). The defendant's submissions in opposition to the motion were insufficient to raise a triable issue of fact (*see Washington Mut. Bank, F.A. v O'Connor*, 63 AD3d 832 [2009]). Mastro, J.P., Rivera, Austin and LaSalle, JJ., concur.