■ MBIA INSURANCE CORPORATION, Respondent-Appellant, v J.P. MORGAN SECURITIES, LLC, Formerly Known as BEAR, STEARNS & CO., INC., Appellant-Respondent. [41 NYS3d 506]—

In an action to recover damages for fraud, the defendant appeals from so much of an order of the Supreme Court, Westchester County (Scheinkman, J.), dated September 18, 2014, as granted that branch of the plaintiff's motion which was for leave to amend the complaint to assert a cause of action alleging fraudulent concealment, and the plaintiff cross-appeals from so much of the same order as denied that branch of its motion which was for leave to amend the complaint to assert a cause of action alleging material misrepresentation in the procurement of an insurance contract "brought under common law as informed by New York Insurance Law Section 3105."

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law and in the exercise of discretion, that branch of the plaintiff's motion which was for leave to amend the complaint to assert a cause of action alleging material misrepresentation in the procurement of an insurance contract "brought under common law as informed by New York Insurance Law Section 3105" is granted; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

On September 14, 2012, the plaintiff, MBIA Insurance Corporation, commenced this action against the defendant, J.P. Morgan Securities, LLC, formerly known as Bear Stearns & Co., Inc., to recover damages for fraud relating to an application for a financial-guaranty-insurance policy issued in connection with the issuance of certain mortgage-backed securities by nonparty GMAC Mortgage Corporation (hereinafter GMAC).

The securitization at issue involved the pooling of residential mortgage notes with an aggregate face value in excess of $1.1 billion. The complaint alleged that the defendant, in its capacity as the lead securities underwriter for the transaction, altered a due diligence report prepared by a nonparty underwriting firm, Mortgage Data Management Corporation, by removing material information relating to the risks of the underlying mortgage loans. Specifically, the plaintiff alleged that the defendant altered the report to falsely reflect that the loans making up the collateral pool were issued in compliance with loan underwriting guidelines and federal and state law. By email dated September 27, 2006, the defendant transmitted the altered report to the plaintiff. Subsequently, the plaintiff issued a financial-guaranty-insurance policy that guaranteed certain interest and principal payments would be made to investors holding the securities. According to the plaintiff, the insurance constituted a credit "enhancement," enabling the defendant to market the securities with an AAA credit rating. In the years that followed, the securities greatly underperformed, and loan delinquencies, defaults, and charge-offs were much higher than allegedly would be expected had the underlying loans been issued in conformity with underwriting standards and in compliance with federal and state laws. The plaintiff alleged that, as a result of the defendant's fraud, it had paid approximately $168 million in net claims, for which it sought damages.

By notice of motion dated October 9, 2013, just over one year after the action was commenced, the defendant moved for summary judgment dismissing the plaintiff's sole cause of action, which sounded in fraud. The defendant argued that the plaintiff could not prove that any of the plaintiff's representatives ever looked at the altered report before the transaction closed and, therefore, the plaintiff was unable to establish the element of reliance. In opposition, in addition to arguing that it did, in fact, rely upon the altered report, the plaintiff alternatively argued that it was excused from establishing "actual" reliance under theories that the defendant fraudulently concealed material information by failing to transmit additional due-diligence reports in its possession, and that the defendant made material misstatements in connection with an application for insurance, which misstatements were actionable irrespective of actual reliance pursuant to Insurance Law § 3105. In reply, the defendant argued that the plaintiff was improperly raising new theories of liability not alleged in its complaint.

In an order dated May 6, 2014, the Supreme Court granted

the defendant's motion for summary judgment dismissing the complaint, concluding that the plaintiff failed to raise a triable issue of fact as to whether any of its employees actually reviewed the altered due-diligence report prior to the issuance of the policy and, therefore, the plaintiff could not establish the element of reliance. However, in the same order, the court noted that there appeared to be evidence in the record that would support the plaintiff's alternative unpleaded theories of liability sounding in fraudulent concealment and pursuant to Insurance Law § 3105. Accordingly, the court granted the plaintiff leave to move for leave to amend the complaint to assert those unpleaded causes of action.

Thereafter, the plaintiff moved for leave to amend the complaint to assert causes of action sounding in (1) fraudulent concealment, and (2) material misrepresentation in the procurement of an insurance contract "brought under common law as informed by New York Insurance Law Section 3105." The defendant opposed the motion.

In an order dated September 18, 2014, the Supreme Court granted that branch of the plaintiff's motion which was for leave to amend the complaint to assert a cause of action alleging fraudulent concealment, but denied that branch of its motion which was for leave to amend the complaint to assert a cause of action alleging material misrepresentation in the procurement of an insurance contract pursuant to Insurance Law § 3105.

The defendant appeals, contending that it was error to grant the plaintiff leave to assert the cause of action alleging fraudulent concealment, and the plaintiff cross-appeals, contending that the Supreme Court should have granted it leave to assert the cause of action alleging misrepresentation in the procurement of an insurance contract "brought under common law as informed by New York Insurance Law Section 3105." For the reasons that follow, we conclude that the court should have granted the plaintiff leave to assert both of the proposed causes of action.

As an initial matter, we note that the issues of whether the Supreme Court properly considered unpleaded causes of action in opposition to the defendant's motion for summary judgment and whether the court providently exercised its discretion in granting the plaintiff leave to move for leave to amend the complaint in its May 6, 2014, order—from which neither party appealed—are not before us on this appeal from the September 18, 2014, order (*see Bank of N.Y. v Young*, 123 AD3d 1068, 1070 [2014]; *see also Matter of Allen v McLean*, 138 AD3d 738, 739

[2016]). Accordingly, the defendant's reliance on *Reznick v Tanen* (162 AD2d 594 [1990]) and *Buckley & Co. v City of New York* (121 AD2d 933, 933-935 [1986]) is misplaced.

"Applications for leave to amend pleadings should be freely granted except when the delay in seeking leave to amend would directly cause undue prejudice or surprise to the opposing party, or when the proposed amendment is palpably insufficient or patently devoid of merit" (*Gomez v State of New York*, 106 AD3d 870, 871 [2013]).

On the issue of whether the newly proposed causes of action are palpably insufficient or patently devoid of merit, the defendant contends that the proposed amended complaint is barred by the doctrine of res judicata. Specifically, the defendant contends that the Supreme Court's May 6, 2014, order granting summary judgment dismissing the plaintiff's fraud cause of action operates to bar the plaintiff's proposed causes of action for fraudulent concealment and material misrepresentation in the procurement of an insurance contract. We disagree.

"Under the doctrine of res judicata, a party may not litigate a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter" (*Matter of Hunter*, 4 NY3d 260, 269 [2005] [emphasis added]; *see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347 [1999]; *Wisell v Indo-Med Commodities, Inc.*, 74 AD3d 1059, 1060 [2010]). Even assuming that the issues resolved in the Supreme Court's May 6, 2014, order involve the same subject matter as the claims made in the proposed amended complaint, the doctrine of res judicata has no applicability to these proposed causes of action since they are not being asserted in a subsequent or different action. "The principles of res judicata are not . . . applicable when the two determinations arise in the same proceeding" (*Matter of Ireland v Zoning Bd. of Appeals of Town of Queensbury*, 195 AD2d 155, 158 [1994]; *see Wisell v Indo-Med Commodities, Inc.*, 74 AD3d at 1060; *Matter of Willard v Meehan*, 35 AD3d 488, 490 [2006]; *Moezinia v Damaghi*, 152 AD2d 453, 457 [1989]).

Additionally, the defendant failed to establish that the proposed pleading was palpably insufficient or patently devoid of merit on the ground that the new causes of action were barred by the statute of limitations. "A claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to

be proved pursuant to the amended pleading" (CPLR 203 [f]). Here, the original complaint adequately apprised the defendant of the conduct, transactions, and occurrences to be proved pursuant to the amended pleading (see *Deputron v A & J Tours, Inc.*, 93 AD3d 629, 629-630 [2012]).

The defendant's contentions that the plaintiff cannot establish certain elements of the proposed causes of action are insufficient to deny the plaintiff's motion for leave to amend. "The legal sufficiency or merits of a proposed amendment to a pleading will not be examined unless the insufficiency or lack of merit is clear and free from doubt" (*Sample v Levada*, 8 AD3d 465, 467-468 [2004]; see *Zacma Cleaners Corp. v Gimbel*, 149 AD2d 585, 586 [1989]).

For this same reason, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to assert its cause of action denominated as material misrepresentation in the procurement of an insurance contract "brought under common law as informed by New York Insurance Law Section 3105." Insurance Law § 3105 (a) defines a "representation" made to an insurer as a statement made "*by, or by the authority of, the applicant* for insurance or the prospective insured" (emphasis added). The court held that the complaint failed to sufficiently allege that the defendant was an applicant for insurance or that the defendant was acting "by the authority" of GMAC. To the contrary, the proposed amended complaint alleged that the defendant "was an applicant for insurance" and that the defendant "serve[d] as an intermediary between [the plaintiff] and the other parties." It cannot be said that these allegations were palpably insufficient or patently devoid of merit so as to deny the proposed amendment (see *Gomez v State of New York*, 106 AD3d at 871).

Finally, the defendant cannot legitimately claim surprise or prejudice. The proposed amendments are premised upon the same facts, transactions, or occurrences as alleged in the original complaint (see *Janssen v Incorporated Vil. of Rockville Ctr.*, 59 AD3d 15, 27 [2008]; *Whitehorn Assoc. v One Ten Brokerage*, 264 AD2d 516 [1999]), and the plaintiff's delay in raising the new theories of liability was not prolonged, as those theories were first asserted in opposition to the defendant's motion for summary judgment made just over one year after the action was commenced (see *Wells Fargo Bank, N.A. v Morgan*, 139 AD3d 1046, 1047 [2016]).

Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for leave to amend the

complaint to assert a cause of action alleging fraudulent concealment, and should have granted that branch of the motion which was for leave to amend the complaint to assert a cause of action alleging material misrepresentation in the procurement of an insurance contract "brought under common law as informed by New York Insurance Law Section 3105." Dillon, J.P., Roman, Hinds-Radix and Connolly, JJ., concur.