Matter of Ruttenberg v Zoning Bd. of Appeals of the Vil. of Southampton (2023 NY Slip Op 03920)

Matter of Ruttenberg v Zoning Bd. of Appeals of the Vil. of Southampton

2023 NY Slip Op 03920

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
LILLIAN WAN, JJ.

2020-04488
 (Index No. 6138/17)

[*1]In the Matter of Eric Ruttenberg, et al., appellants,
v
Zoning Board of Appeals of the Village of Southampton, et al., respondents.

MargolinBesunder LLP, Islandia, NY (Linda U. Margolin and Karen I. Hansen of counsel), for appellants.
O'Shea, Marcincuk & Bruyn, LLP, Southampton, NY (Wayne D. Bruyn of counsel), for respondent Zoning Board of Appeals of the Village of Southampton.
Bennett & Read, LLP, Southampton, NY (John J. Bennett of counsel), for respondents 550 Hill Street, L.P., and 554 Hill Street, L.P.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review so much of a determination of the Zoning Board of Appeals of the Village of Southampton dated October 26, 2017, as, after a hearing, granted so much of the application of 550 Hill Street, L.P., and 554 Hill Street, L.P, as was for certain area variances, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Sanford Neil Berland, J.), dated May 18, 2020. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
550 Hill Street, L.P., and 554 Hill Street, L.P. (hereinafter together the applicants), which share a common principal, own adjoining parcels of land located within residential zoning districts in the Village of Southampton. One parcel was improved with a one-family house, and the other parcel was improved with both a one-family house and a separate building that was used as a warehouse by moving and storage companies. Storage and warehouse use is not a permitted use in the residential zoning districts at issue, but because the property had been used in this fashion since prior to the enactment of the zoning code, it was legal as a prior nonconforming use.
In 2012, the applicants applied to the Zoning Board of Appeals of the Village of Southampton (hereinafter the ZBA) for the area variances necessary to enable the subdivision of the two parcels into four lots, all of which would be residential and contain no industrial storage/warehouse use. In response to, among other things, requests by the Village's Planning Board, there were numerous amendments to the application, including a reduction in the subdivision from four lots to three lots. The application also sought permission for variances necessary to construct accessory guest houses on two of the three newly created lots. In a 20-page determination dated October 26, 2017, rendered after several public hearings, the ZBA granted the application [*2]subject to certain conditions, including the removal of the nonconforming industrial/warehouse use, except that it denied so much of the application as requested variances enabling the construction of accessory guest houses on two of the lots. The petitioners, who are neighboring property owners, commenced this proceeding pursuant to CPLR article 78 to review so much of the ZBA's determination as partially granted the application. The Supreme Court denied the petition and dismissed the proceeding. The petitioners appeal.
"[L]ocal zoning boards have broad discretion in considering applications for area variances and the judicial function in reviewing such decisions is a limited one. Courts may set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure. A determination of a zoning board should be sustained on judicial review if it has a rational basis and is supported by substantial evidence" (Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613 [citations omitted]). "'Local officials, generally, possess the familiarity with local conditions necessary to make the often sensitive planning decisions which affect the development of their community. Absent arbitrariness, it is for locally selected and locally responsible officials to determine where the public interest in zoning lies'" (id. at 613, quoting Matter of Cowan v Kern, 41 NY2d 591, 599). "For this reason, a reviewing court should refrain from substituting its own for the reasoned judgment of the zoning board. 'It matters not whether, in close cases, a court would have, or should have, decided the matter differently. The judicial responsibility is to review zoning decisions but not, absent proof of arbitrary and unreasonable action, to make them'" (Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d at 613, quoting Matter of Cowan v Kern, 41 NY2d at 599).
Here, contrary to the petitioners' contention, the ZBA's determination to partially grant the application after weighing the relevant statutory factors was not arbitrary and capricious, irrational, or an abuse of discretion (see Village Law § 7-712-b[3]; Matter of Abramovitz v Zoning Bd. of Appeals of the Inc. Vil. of Bellport, 194 AD3d 810, 812; Matter of Wambold v Village of Southampton Zoning Bd. of Appeals, 140 AD3d 891, 893; Matter of Friedman v Board of Appeals of the Vil. of Quogue, 84 AD3d 1083, 1085).
The petitioners' remaining contentions are without merit or are not properly before this Court because they were not raised before the ZBA (see Matter of Hughes v Suffolk County Dept. of Civ. Serv., 74 NY2d 833, 834; Matter of Klapak v Blum, 65 NY2d 670, 672; Matter of Bray v Town of Yorktown Zoning Bd. of Appeals, 151 AD3d 720, 721).
Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
MILLER, J.P., CHRISTOPHER, WARHIT and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court